## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DIESEL USA, Inc.,[1] | Case No. 19-10432 (    ) |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN; (II) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN; (III) WAIVING SOLICITATION OF THE PLAN AND APPROVING MANNER OF NOTICE OF COMMENCEMENT, COMBINED HEARING, AND OBJECTION DEADLINE; (IV) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (V) CONDITIONALLY (A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE SECTION 341(a) MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT OF FILING STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES; AND (VI) GRANTING RELATED RELIEF**

Diesel USA, Inc., as debtor and debtor-in-possession (the "Debtor"), files this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"):

> *(a)* scheduling a combined hearing (the "Combined Hearing") on (a) the adequacy of the *Disclosure Statement for Chapter 11 Plan of Reorganization of Diesel USA, INC.* (as may be amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"), and (b) confirmation of the *Chapter 11 Plan of Reorganization of Diesel USA Inc.* (as may be amended, supplemented or otherwise modified from time to time, the "Plan");[2]

> *(b)* establishing the deadline (the "Objection Deadline") to object to the adequacy of the Disclosure Statement and confirmation of the Plan;

---

[1] The last four digits of the Debtor's federal tax identification number are 4308. The Debtor's principal offices are located at 220 West 19th Street, New York, New York 10011.

[2] Copies of the Disclosure Statement and Plan have been filed contemporaneously with this Motion. Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Plan or, if not defined in the Plan, in the Disclosure Statement.

*(c)*    waiving the need for solicitation of the Plan and approving the manner of the notice (the "Notice Procedures") of the commencement of the Debtor's chapter 11 case, the Combined Hearing, and the Objection Deadline (the "Combined Notice");

*(d)*    approving the notice and objection procedures for the assumption and rejection of executory contracts and unexpired leases (the "Executory Contract Procedures");

*(e)*    conditionally (i) directing the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") not to convene a meeting of creditors (the "Creditors' Meeting") under section 341(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and (ii) excusing the requirement that the Debtor file a statement of financial affairs (the "SOFA") and schedules of assets and liabilities ("Schedules"); and

*(f)*    granting related relief.

The Debtor respectfully states as follows in support of the Motion:

## BACKGROUND

1.    On the date hereof (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its businesses and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

2.    The factual background regarding the Debtor, including its business operations, capital and debt structure, and the events leading to the filing of this chapter 11 case, is set forth in more detail in the *Declaration of Mark G. Samson in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration") filed contemporaneously herewith.

3.    On the Petition Date, the Debtor filed the Disclosure Statement and Plan.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are sections 105, 341, 1125, 1126, and 1128(a) of the Bankruptcy Code, Rules 1007(c), 2002, 2003, 3016, 3017, 3018, 3020(b)(1), and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1, 3017-1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## THE PLAN

5.      The Debtor commenced the chapter 11 case to implement the Plan. The Plan contemplates, among other things, the following material terms:

- All ordinary course trade creditors of the Debtor will be Unimpaired and have their Allowed General Unsecured Claims either Reinstated or paid in full in cash with interest.  In addition, Interests in the Debtor will be Reinstated to preserve the Debtor's existing corporate structure.

- Certain executory contracts and unexpired leases will be rejected through the Plan pursuant to section 365 of the Bankruptcy Code.  The counterparties for the rejected executory contracts and unexpired leases will also be unimpaired as their Allowed Rejection Damages Claims will be paid in full in cash in accordance with the relevant provisions of the Bankruptcy Code plus interest.

- Except to the extent specifically rejected or modified through this Chapter 11 Case or the Plan, all executory contracts and unexpired leases will be assumed and all employee benefits, customer concessions, insurance policies, privacy policies, and other ongoing obligations of the Debtor will be honored after the Effective Date.

- The Debtor will fund distributions under the Plan with currently available cash on hand as of the Plan's Effective Date.

- On the Effective Date, the Debtor will obtain the Parent Commitment providing for, among other things, funding from the Parent that will be used to fund the

Reorganization Business Plan and the Parent's consent to the Debtor's assumption of the License Agreement.

| Class | Proposed Treatment | Estimated Recovery |
|---|---|---|
| Class 1 – Other Priority Claims<br><br>**(unimpaired; deemed to accept the Plan)** | Except to the extent that a Holder of an Allowed Other Priority Claim agrees to less favorable treatment, in exchange for full and final satisfaction, settlement, release, and discharge of each Allowed Other Priority Claim, each Holder of such Allowed Other Priority Claim shall receive the following at the option of the Debtor:<br><br>A.  Payment in full in Cash in the ordinary course of business;<br><br>B.  Reinstatement of such Allowed Other Priority claim; or<br><br>C.  Such other treatment rendering such Allowed Other Priority Claim Unimpaired. | 100% |
| Class 2 – Secured Claims<br><br>**(unimpaired; deemed to accept the Plan)** | Except to the extent that a Holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim shall receive, in exchange for full and final satisfaction, settlement, release, and discharge of such Claim, the following, at the option of the Debtor:<br><br>A.  Payment in full in Cash in the ordinary course of business;<br><br>B.  Reinstatement of such Allowed Secured claim; or<br><br>C.  Such other treatment rendering such Allowed Secured Claim Unimpaired. | 100% |
| Class 3 – General Unsecured Claims<br><br>**(unimpaired; deemed to accept the Plan)** | Except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, each Holder of an Allowed General Unsecured Claim shall, in exchange for full and final satisfaction, settlement, release, and discharge of such Claim, receive at the sole option of the Debtor either:<br><br>A.  Reinstatement as of the Effective Date and satisfaction in full in the ordinary course of the Debtor's or Reorganized Debtor's business operations in accordance with the terms and conditions of the particular transaction giving rise to such Allowed General Unsecured Claim;<br><br>B.  Payment in Cash in the full amount of its Allowed General Unsecured Claim plus post-petition interest on such Allowed General Unsecured Claim provided by contract or, if no contract exists, at the statutory rate provided by 29 U.S.C. § 1961, from the Effective Date to the date of payment, which payment shall occur on the later of (i) the Effective Date and (ii) the date due in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such Allowed General Unsecured Claim; or<br><br>C.  Such other treatment as would render such Claim otherwise Unimpaired pursuant to section 1124 of the Bankruptcy Code. | 100% |
| Class 4 – Rejection Damages Claims<br><br>**(unimpaired;** | Except to the extent that a Holder of an Allowed Rejection Damages Claim agrees to less favorable treatment, each Holder of an Allowed Rejection Damages Claim shall, in exchange for full and final satisfaction, settlement, release, and discharge of such Claim, receive payment in Cash in the full | 100% |

| Class | Proposed Treatment | Estimated Recovery |
|---|---|---|
| **deemed to accept the Plan)** | amount of its Allowed Rejection Damages Claim plus post-petition interest on such Allowed Rejection Damages Claim provided by contract or, if not specified by the contract, at the statutory rate provided by 29 U.S.C. § 1961, from the Effective Date to the date of payment, which payment shall occur on the later of (i) the Effective Date and (ii) thirty (30) days after entry of a Final Order rendering such Claim an Allowed Rejection Damages Claim. | |
| Class 5 – Interests<br><br>**(unimpaired; deemed to accept the Plan)** | All holders of Interests shall retain their Interests. | 100% |

6.       Because no Classes under the Plan are impaired, and therefore all Classes are presumed to accept the Plan, the Debtor respectfully submits there is no need to solicit the Plan and that the relief sought herein is necessary and appropriate.

## **RELIEF REQUESTED**

7.       By this Motion, pursuant to sections 105, 341, 1125, 1126, and 1128(a) of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, 2003, 3016, 3017, 3018, 3020(b)(1), and 9006(c)(1), and Local Rules 1007-1, 3017-1, 3017-2, and 9006-1, the Debtor seeks entry of the Proposed Order: (a) scheduling the Combined Hearing on (i) the adequacy of the Disclosure Statement and (ii) confirmation of the Plan; (b) establishing the Objection Deadline for the adequacy of the Disclosure Statement and confirmation of the Plan; (c) waiving any requirement to solicit the Plan and, instead, approving the Notice Procedures, including manner of the notice of the commencement of the chapter 11 case, the Combined Hearing, and the Combined Notice; (d) approving the Executory Contract Procedures; (e) conditionally (i) directing the U.S. Trustee not to convene the Creditors' Meeting and (ii) excusing the requirement that the Debtor file a SOFA and Schedules; (f) scheduling an omnibus hearing on the same day as the Combined Hearing (the "Second Day Hearing"); and (g) granting related relief.

8.     The following table highlights the proposed key dates and deadlines relevant to the Notice Procedures and sets forth the Debtor's proposed dates for the mailing of the Combined Notice, the Objection Deadline, and the Combined Hearing (collectively, the "Proposed Confirmation Schedule"):

| Event | Proposed Date/Deadline |
|---|---|
| Petition Date | March 5, 2019 |
| Plan Supplement Filing Deadline | March 28, 2019 |
| Plan/Disclosure Statement Objection Deadline | April 4, 2019, at 4:00 p.m. (Prevailing Eastern Time) |
| Assumption or Rejection Objection Deadline | April 4, 2019, at 4:00 p.m. (Prevailing Eastern Time) |
| Plan/Disclosure Statement Reply Deadline (including, to the extent applicable, replies to any Executory Contract Procedures objections) | April 9, 2019 at 4:00 p.m. (Prevailing Eastern Time) |
| Deadline to file proposed confirmation order | |
| Deadline to file brief in support of confirmation | |
| Second Day Hearing and Combined Hearing | April 11, 2019 (Prevailing Eastern Time) |

**BASIS FOR RELIEF**

I.    **Scheduling a Combined Hearing**

9.     The Debtor seeks a Combined Hearing to consider approval of the Disclosure Statement and the Plan to be held, subject to the Court's schedule, on April 11, 2019.  The Debtor further requests that the Proposed Order provide that the Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing and that notice of such adjourned date(s) will be available on the electronic case filing docket.  The Debtor also seeks to have the Second

Day Hearing held on the same date and time as the Combined Hearing, provided that the Combined Hearing may be independently adjourned.

10.     Bankruptcy Rules 2002(b) and 3017(a) require that twenty-eight (28) days' notice be given by mail to all creditors and equity interest holders of the time fixed for filing objections to approval of a disclosure statement or confirmation of a plan of reorganization, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).  Section 1128(a) of the Bankruptcy Code provides, "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  In addition, Bankruptcy Rule 3017(c) provides, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."  Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on approval of a disclosure statement with the hearing on confirmation of the related plan. 11 U.S.C. § 105(d)(2)(B)(vi).

11.     The most difficult task required to confirm a plan of reorganization—the solicitation of votes— is not necessary in this chapter 11 case, as all classes of creditors are unimpaired. Accordingly, a Combined Hearing in this chapter 11 case which satisfies the notice provisions set forth in the Bankruptcy Code promotes judicial economy and will allow the Debtor to expeditiously effectuate its restructuring and preserve value.  The adverse effects of the chapter 11 filing upon the Debtor's business and going-concern value will be minimized, and the benefit to creditors and other stakeholders maximized, through an expedited confirmation process which will allow the Debtor to exit bankruptcy as quickly as possible.  Likewise, an expeditious restructuring will serve to minimize administrative expenses on the Debtor's Estate. In addition to the reasons set forth above, it is appropriate to enter the Proposed Order at this

time so that parties-in-interest may be informed as promptly as possible of the anticipated schedule of events for confirmation of the Plan.

12.     The proposed schedule affords creditors and all other parties-in-interest ample notice of the chapter 11 case and the Combined Hearing.  Specifically, the proposed schedule affords at least twenty-eight (28) days' notice of the Objection Deadline and thirty-five (35) days' notice of the Combined Hearing.  As a result, parties, who are all unimpaired under the Plan, will have sufficient time to evaluate their rights in respect of the Plan prior to the proposed Combined Hearing thereon and, therefore, no party in interest will be prejudiced by the requested relief.

13.     This Court and courts in other Districts have found the notice requirements of Bankruptcy Rules 2002(b) and 3017(a) satisfied under similar circumstances. *See*, *e.g.*, *In re Arsenal Energy Holdings LLC*, Case No. 19-10226) (BLS) (Bankr. D. Del. Feb. 6, 2019); *In re Samsonite Company Stores, LLC*, Case No. 01-13102 (PJW) (Bankr. D. Del. Sept. 2, 2009); *In re Fullbeauty Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 4, 2019); *In re Global A&T Electronics Ltd.*, Case No. 17-23931 (RDD) (Bankr. S.D.N.Y. Dec. 22, 2017).

14.     Therefore, the Debtor respectfully requests entry of the Proposed Order, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting April 11, 2019, as the date for the Combined Hearing and the Second Day Hearing.

## II.    Approval of the Disclosure Statement[3]

15.    At the Combined Hearing, the Debtor will seek approval of the Disclosure Statement.   Under section 1125(a) of the Bankruptcy Code, a plan proponent must provide holders of impaired claims and interests with "adequate information" regarding a debtor's proposed plan of reorganization, which is defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

16.    Whether a disclosure statement contains adequate information is intended by Congress to be a flexible, fact-specific inquiry left within the discretion of the bankruptcy court:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection. There will be a balancing of interests in each case. In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

---

[3] The Debtor notes that the Plan provides that all Classes of Claims and Interests are Unimpaired and reserves all rights to argue in response to any objections to approval of the Disclosure Statement, that, among other things, the Disclosure Statement is not necessary and that no parties-in-interest have standing to object to approval of the Disclosure Statement. *See In re Feldman*, 53 B.R. 355, 357-358 (Bankr. S.D.N.Y. 1985) ("a disclosure statement is required only for the purpose of soliciting an acceptance or rejection of the plan …Thus, the adequacy of the content of the disclosure statement need not be viewed from the point of view of [the unimpaired classes]."); *In re Union County Wholesale Tobacco & Candy Co.*, 8 B.R. 442, 443 (Bankr. D.N.J. 1981) (when acceptances of a plan of reorganization are not required and not solicited, a disclosure statement is not required); *In re Bel Air Associates*, 4 B.R. 168, 175 (Bankr. W.D. Okla. 1980) (non-submission of a disclosure statement only operates to prevent solicitation of acceptances of a plan of reorganization) (dictum).

H.R. REP. NO.95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365. *See also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) (observing that "adequate information will be determined by the facts and circumstances of each case"); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) (opining that what constitutes adequate information is "subjective," "made on a case by case basis," and "largely in the discretion of the bankruptcy court").

17.    The Disclosure Statement is extensive and comprehensive.    It contains descriptions of, among other things: (i) the Plan; (ii) the operation of the Debtor's business; (iii) key events leading to the commencement of the chapter 11 case; and (iv) risk factors regarding the Debtor and the Plan.

18.    Based on the foregoing, the Debtor will request at the Combined Hearing that the Court approve the Disclosure Statement as meeting the requirements for "adequate information" under section 1125(a) of the Bankruptcy Code.

### III.    Waiver of Solicitation

19.    The Plan provides that all Classes of Claims against, or Interests in, the Debtor are presumed to accept the Plan.  Pursuant to section 1126(f) of the Bankruptcy Code, each holder of a claim or interest in an unimpaired class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f).  Accordingly, Holders of Claims and Interests in each of the Unimpaired Classes are conclusively presumed to accept the Plan and do not need to be solicited.

20.    The Debtor is requesting a waiver of the requirement that they mail copies of the Plan and Disclosure Statement to creditors and parties-in-interest.  *See* Fed. R. Bankr. P. 3017(d) (requiring  transmission  of  court-approved  disclosure  statement  to,  *inter  alia*,  classes  of

unimpaired creditors and equity security holders).  As no Holders of Claims or Interests are impaired under the terms of the Plan, it would be a significant and unnecessary administrative burden on the Debtor to transmit the Disclosure Statement and Plan to such Holders of Claims Interests.

21.     In lieu of furnishing each of the Holders with a copy of the Plan and Disclosure Statement, the Debtor proposes to send to such Holders the Combined Notice, which sets forth, among other things, a summary of the Plan and the treatment of such Holders' Claims or Interests, as well as the manner in which a copy of the Plan and the Disclosure Statement may be obtained.  In addition, the Debtor has made the Disclosure Statement and the Plan available at no cost on the website of the Debtor's noticing agent, Bankruptcy Management Solutions d/b/a Stretto (the "Noticing Agent")[4] at cases.stretto.com/dieselUSA.

22.     The Notice Procedures proposed to be undertaken by the Debtor and described herein with respect to the Holders of Claims and Interests comply with the Bankruptcy Code and should be approved.  Accordingly, the Debtor respectfully requests that the Court approve the Notice Procedures.

## IV.     Confirmation of the Plan

23.     The Debtor believes that the Plan satisfies all of the requirements for confirmation under the Bankruptcy Code.  As noted above, the Debtor has requested that the Court schedule the Combined Hearing, at which time the Debtor will seek confirmation of the Plan.  Before the Combined Hearing, the Debtor will file a brief in support of confirmation that, among other things, (i) demonstrates that the Plan satisfies the requirements for plan confirmation set forth in section 1129 of the Bankruptcy Code and (ii) responds to objections to confirmation, if any.

---

[4] Contemporaneously herewith, the Debtor has also filed the *Application of Debtor Pursuant to 11 U.S.C. § 105(a), 28 U.S.C. § 156(c), and Local Rule 2002-1(f) for an Order Appointing Bankruptcy Management Solutions d/b/a/ Stretto at Noticing Agent for the Debtor Effective Nunc Pro Tunc to the Petition Date.*

## V.    Deadline and Procedures for Objections to the Disclosure Statement and Confirmation of the Plan

24.     Bankruptcy Rule 3017(a) authorizes the Court to fix a time for filing objections to the adequacy of a disclosure statement and Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to a plan of reorganization.  Further, Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure statement and confirmation of a plan of reorganization.  As set forth above, the Debtor's proposed time satisfies the notice requirements set forth in the Bankruptcy Rules.

25.     Accordingly, the Debtor requests that the Court set April 4, 2019, at 4:00 p.m. (ET), as the Objection Deadline for filing objections to the adequacy of the Disclosure Statement or confirmation of the Plan (including, to the extent applicable, any objections to the Executory Contract Procedures as further discussed below).  The proposed Objection Deadline provides creditors and interest holders with sufficient notice of the deadline for filing objections to the Disclosure Statement and Plan, while affording the Debtor and any parties-in-interest time to file a responsive brief and resolve consensually as many of those objections as possible.

26.     The Debtor further requests that the Court direct that any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the amount and nature of such party's claim or interest, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with proof of service.  In addition to being filed with the Court, any such responses or objections must be served on the following parties (collectively, the "Notice Parties") so as to be received by the Objection Deadline: (a) proposed co-counsel to the Debtor, (i) Arent Fox LLP, 1301 Avenue of

the Americas, Floor 42, New York, New York 10019 (Attn: George P. Angelich, Esq. (george.angelich@arentfox.com), David J. Mayo, Esq. (david.mayo@arentfox.com), and Phillip Khezri, Esq. (phillip.khezri@arentfox.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com), Kenneth J. Enos, Esq. (kenos@ycst.com), and Travis G. Buchanan, Esq. (tbuchanan@ycst.com); (b) the Debtor's Chief Restructuring Officer, Mark G. Samson, Getzler Henrich & Associates LLC, 295 Madison Avenue, New York, NY 10017, Attn: Mark G. Samson (msamson@geltzlerhenrich.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Linda J. Casey, Esq. (Linda.Casey@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

**VI. Approval of Form and Manner of Notice of the Commencement of the Chapter 11 Case, the Combined Hearing, and the Objection Deadline**

27.     The Debtor proposes to mail (or cause to be mailed) on the day of the entry of the Proposed Order or as soon as reasonably practicable thereafter, to all known Holders of Claims against, or Interests in, the Debtor the Combined Notice, substantially in the form annexed as **Exhibit 1** to the Proposed Order, setting forth, among other things, (i) the notice of commencement of the Chapter 11 Case, (ii) the date, time, and place of the Combined Hearing, (iii) instructions for obtaining copies of the Disclosure Statement and Plan, and (iv) the Objection Deadline and procedures for filing objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan.

28.     Bankruptcy Rule 2002(f)(1) provides that notice of "the order for relief" shall be sent by mail to all creditors. Bankruptcy Rule 2002(d) similarly provides that, unless otherwise

ordered by the court, notice of the "order for relief" shall be given to all of the Debtor's equity security holders.

29.     To provide another layer of notice to parties-in-interest in this chapter 11 case, the Debtor will post to the Noticing Agent's website various chapter 11 documents, including the following: (i) the Plan; (ii) the Disclosure Statement; (iii) this Motion and any orders entered in connection with this Motion; and (iv) the Combined Notice.

30.     The proposed service of the Combined Notice will provide sufficient notice to all parties-in-interest in the chapter 11 case of the commencement of such case, the date, time, and place of the Combined Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement or the confirmation of the Plan.

31.     Accordingly, the Debtor respectfully requests that this Court approve the form and manner of service of the Combined Notice as annexed to the Proposed Order as **Exhibit 1**.

**VII.     Procedures in Respect of the Assumption
     of Executory Contracts or Unexpired Leases Pursuant to the Plan**

32.     The Plan provides that, except as otherwise provided in the Plan, each Executory Contract and Unexpired Lease shall be deemed assumed pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless any such Executory Contract or Unexpired Lease: (1) is identified on the Schedule of Rejected Executory Contracts and Unexpired Leases; (2) was assumed or rejected previously by the Debtor; (3) expired or terminated pursuant to its own terms before the Effective Date; (4) is the subject of a motion to reject pending on the Confirmation Date; or (5) is the subject of a motion to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date.

33.     The Debtor requests Court-approval of the following Executory Contract Procedures:

a. Any counterparty to an Executory Contract or Unexpired Lease that objects to the assumption of such Executory Contract or Unexpired Lease, or objects to the rejection of an Executory Contract or Unexpired Lease identified on the Schedule of Rejected Executory Contracts and Unexpired Leases, must file an objection thereto that complies with the requirements described in the Proposed Order on or before April 4, 2019, at 4:00 p.m. (Prevailing Eastern Time) (the "Assumption or Rejection Objection Deadline").  The Debtor also requests that the Court direct that any responses or objections to the assumption or rejection of Executory Contracts and Unexpired Leases:

    i.  be in writing;

    ii.  conform to the applicable Bankruptcy Rules and the Local Rules;

    iii.  set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor;

    iv.  be filed with the Court, together with a proof of service, on or before the Executory Contract Objection Deadline; and

    v.  be served on the Notice Parties.

b. Any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption will be deemed to have assented and will be deemed to have forever released and waived any objection to the proposed assumption other than with respect to any alleged Cure amount. Any monetary defaults under each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in Cash on the Effective Date or in the ordinary course of business, subject to the limitation described below, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may otherwise agree.  In the event of a dispute regarding (1) the amount of any payments to cure such a default, (2) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed, or (3) any other matter pertaining to assumption, the Bankruptcy Court shall hear such dispute prior to the assumption becoming effective.  The cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order or orders resolving the dispute and approving the assumption and shall not prevent or delay implementation of the Plan or the occurrence of the Effective Date.

c. Finally, the Debtor requests that the Court authorize the Debtor to file replies to any timely-filed objections or responses at any time prior to the Combined Hearing.

34.     The Debtor respectfully submits that the Executory Contract Procedures are appropriate under the circumstances. Pursuant to the Executory Contract Procedures, the Debtor's Noticing Agent will serve the Combined Notice (as defined below) on all known counterparties to Executory Contracts and Unexpired Leases on the day of entry of the Proposed Order (or as soon as reasonably possible), and the Combined Notice will alert Counterparties to Executory Contracts and Unexpired Leases that all such contracts and leases, other than those specifically rejected under the Plan, will be assumed under the Plan, and that Counterparties to Executory Contracts or Unexpired Leases preserve all rights and remedies such parties have or had under applicable non-bankruptcy law with respect to cure amounts.  Executory Contracts and Unexpired Leases that the Debtor proposes to reject will be identified in the Plan Supplement or a separate filing with the Court at least fourteen (14) days before the Combined Hearing, and will be served upon counter-parties to those Executory Contracts and Unexpired Leases scheduled to be rejected in the Plan Supplement.  The process is designed to facilitate a prompt and efficient completion of the restructuring while also affording counterparties adequate time to voice any concerns regarding the assumption (or rejection) of their Executory Contracts and Unexpired Leases.

**VIII.    <u>Extension of the Creditors' Meeting and the Filing of a SOFA and Schedules</u>**

35.     The Debtor also submits that the circumstances of the chapter 11 case merits an extension, and ultimate waiver, of the requirements that (a) the U.S. Trustee convene the Creditors' Meeting and (b) the Debtor file a SOFA and Schedules. This relief is appropriate under the circumstances because the Debtor anticipates the near-term confirmation of the Plan and subsequent emergence from chapter 11.

36.    While section 341 of the Bankruptcy Code requires the U.S. Trustee to convene and preside at a meeting of creditors, it also allows a court to excuse the requirement of a meeting of creditors or equity holders if a debtor has filed a plan on the petition date and solicited acceptances of a plan prior to the commencement of a chapter 11 case. Specifically, section 341(e) of the Bankruptcy Code provides that:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e).  Here, the Debtor has no voting classes, so prepetition solicitation would have served no purpose.  The Debtor asserts that section 341(e) should apply to the Plan, pursuant to which all creditors are unimpaired.

37.    The Debtor filed the Plan contemporaneously with this Motion on the Petition Date.

38.    Cause exists to grant an extension of the Creditors' Meeting now as set forth herein because holders of all or substantially all General Unsecured Claims will be paid in the ordinary course pursuant to other "first day" relief sought by the Debtor.  The Debtor thus respectfully submits that creditors are not prejudiced by the lack of a Creditors' Meeting.  For these reasons, the Debtor submits that sufficient "cause" exists to grant an extension of the requirement of a Creditors' Meeting at the present time, with such extension to become a permanent waiver assuming the Plan is confirmed by an order of the Court within 90 (ninety) days of the Petition Date (the "Waiver Deadline").

39.     The Debtor also requests that the time for filing its SOFA and Schedules be extended until the Waiver Deadline and to be excused in the event the Plan is confirmed.  Under the terms of the Plan, all classes of Claims are Unimpaired.  Consequently, the Debtor does not plan to establish a bar date in the chapter 11 case, except with respect to Claims arising from rejection damages.  Accordingly, the SOFA and Schedules would not serve their traditional purpose in this chapter 11 case.

40.     As a matter of course, the Debtor is already entitled to an extension to twenty-eight (28) days from the Petition Date because the Debtor's Noticing Agent is maintaining the creditor list as of the Petition Date, and the Debtor has over 200 creditors.  Del. Bankr. L.R. 2002-1(f).  The Court is authorized to grant the Debtor a further extension "for cause" pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b).  Sufficient cause exists here because requiring the Debtor to file Schedules in the first twenty-eight (28) days of this chapter 11 case would divert management's time and attention from ensuring a smooth transition into chapter 11 and the confirmation process.  The SOFA and Schedules, even if filed on the current deadline, would be of no real benefit to most parties-in-interest in the chapter 11 case, as nearly all classes will be retaining their rights and remedies that existed prior to the commencement of this chapter 11 case, but would require a substantial expenditure of time and resources by the Debtor to prepare and file.

41.     Therefore, the Court should only require the Debtor to file a SOFA and Schedules if the Plan is not confirmed within Waiver Deadline.  The Debtor reserves the right to supplement this Motion and request that any relief granted be without prejudice to the Debtor's ability to seek further extension or modification of the requirements to file Schedules and a SOFA and for the U.S. Trustee to convene the Creditors' Meeting.  In this regard, the Debtor

requests that the Court authorize the Debtor to further extend the deadline to file Schedules and SOFA and convene a Creditors' Meeting without filing a supplemental motion so long as they have procured advance consent from the U.S. Trustee.

### THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

42.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtor believes an immediate and orderly transition into chapter 11 is critical to the viability of its operations and that any delay in granting the relief requested could hinder the Debtor's operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of this chapter 11 case could severely disrupt the Debtor's operations at this critical juncture and imperil the Debtor's restructuring.   Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

43.     To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### NOTICE

44.     The Debtor will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtor's 20 largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the Office of the United States Attorney for the District of

Delaware; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered on this Motion will be served as required by Local Rule 9013-1(m). In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

## **NO PRIOR REQUEST**

45.     No prior motion for the relief requested herein has been made to this or any other court.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein, substantially in the form of **Exhibit A**, and such other and further relief as is just and appropriate.

Dated:  March 5, 2019
        Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By:        /s/ Kenneth J. Enos
Pauline K. Morgan (No. 3650)
Kenneth J. Enos (No. 4544)
Travis G. Buchanan (No. 5595)
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253
Email: pmorgan@ycst.com
Email: kenos@ycst.com
Email: tbuchanan@ycst.com

-and-

ARENT FOX LLP
George P. Angelich (pro hac vice pending)
David J. Mayo (pro hac vice pending)
Phillip Khezri (pro hac vice pending)
1301 Avenue of the Americas
Floor 42
New York, NY 10019
Tel: (212) 484-3900
Fax: (212) 484-3990
Email: george.angelich@arentfox.com
Email: david.mayo@arentfox.com
Email: phillip.khezri@arentfox.com

Proposed Co-Counsel for Diesel USA, Inc.

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DIESEL USA, Inc.,[1] | Case No. 19-10432 (    ) |
| Debtor. | **Ref. No. __** |

**ORDER (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN; (II) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN; (III) WAIVING SOLICITATION OF THE PLAN AND APPROVING MANNER OF NOTICE OF COMMENCEMENT, COMBINED HEARING, AND OBJECTION DEADLINE; (IV) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (V) CONDITIONALLY (A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE SECTION 341(a) MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT OF FILING STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Diesel USA, Inc. in the above-referenced chapter 11 case, as debtor and debtor-in-possession (the "Debtor"), for an order, (a) scheduling the Combined Hearing, (b) establishing the Objection Deadline, (c) conditionally (i) directing the U.S. Trustee to not convene the Creditors' Meeting and (ii) excusing the requirement that the Debtor file a SOFA and Schedules, and (d) granting related relief, all as more fully set forth in the Motion; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having

---

[1] The last four digits of the Debtor's federal tax identification number are 4308.  The Debtor's principal offices are located at 220 West 19th Street, New York, New York 10011.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1.      The Motion is GRANTED as set forth herein.

2.      The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan) will be held before the Honorable [          ], United States Bankruptcy Judge, in Courtroom No. [ ] of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, [ ]th Floor, Wilmington, Delaware 19801, **on_____, 2019 at_____(ET)**.    The Combined Hearing may be continued from time to time by this Court without further notice other than adjournments announced in open court or in the filing of a notice or hearing agenda in the chapter 11 case and notice of such adjourned date(s) will be available on the electronic case filing docket.

3.      Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the amount and nature of such party's claim or interest, the basis for the objection, and the specific grounds thereof; and (iv) be filed with this Court, together with proof of service, no later than 4:00 p.m. (ET) on April 4, 2019 (the "Objection Deadline").  Any responses or objections to the assumption or rejection of Executory Contracts and Unexpired Leases must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with this Court, together with a proof of service, no later than 4:00 p.m. (ET) on April 4, 2019 (the "Assumption or Rejection

2

<u>Objection Deadline</u>"). In addition to being filed with this Court, any responses or objections must be served on the following parties so as to be received by such deadlines: (a) proposed co-counsel to the Debtor, (i) Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, New York 10019 (Attn: George P. Angelich, Esq. (george.angelich@arentfox.com), David J. Mayo, Esq. (david.mayo@arentfox.com), and Phillip Khezri, Esq. (phillip.khezri@arentfox.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com), Kenneth J. Enos, Esq. (kenos@ycst.com), and Travis G. Buchanan, Esq. (tbuchanan@ycst.com); (b) the Debtor's Chief Restructuring Officer, Mark G. Samson, Getzler Henrich & Associates LLC, 295 Madison Avenue, New York, NY 10017, Attn: Mark G. Samson (msamson@geltzlerhenrich.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Linda J. Casey, Esq. (Linda.Casey@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

4.      **Any objections not timely filed and served in the manner set forth in this Order may, in this Court's discretion, not be considered and may be overruled.**

5.      The Debtor may file a reply brief in response to any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan by April 9, 2019. The Debtor may file reply briefs in response to any responses or objections to the assumption or rejection of Executory Contracts and Unexpired Leases by April 9, 2019.

6.      The Proposed Confirmation Schedule, as set forth below, is hereby approved in its entirety, and this Court hereby finds the Proposed Confirmation Schedule is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

| Event | Date/Deadline |
|---|---|
| Petition Date | March 5, 2019 |
| Plan Supplement Filing Deadline | March 28, 2019 |
| Plan/Disclosure Statement Objection Deadline | April 4, 2019, at 4:00 p.m. (Prevailing Eastern Time) |
| Assumption or Rejection Objection Deadline | April 4, 2019, at 4:00 p.m. (Prevailing Eastern Time) |
| Plan/Disclosure Statement Reply Deadline (including, to the extent applicable, replies to any Executory Contract Procedures objections) | April 9, 2019 at 4:00 p.m. (Prevailing Eastern Time) |
| Deadline to file proposed confirmation order | |
| Deadline to file brief in support of confirmation | |
| Second Day Hearing and Combined Hearing | April 11, 2019 at __:00 (Prevailing Eastern Time) |

7.     The Debtor is authorized to combine the notice of the Combined Hearing and the Objection Deadline (and related procedures) with the notice of commencement of the chapter 11 case.

8.     Notice of the Combined Hearing as proposed in the Motion and the form of Combined Notice, substantially the form attached hereto as **Exhibit 1**, shall be deemed good and sufficient notice of the Combined Hearing and all pleading in connection thereto, including, without limitation, the Plan, the Disclosure Statement, and the Plan Supplement, and no further notice need be given, except to the extent set forth in this Order. The Debtor shall cause the Noticing Agent to mail a copy of the Combined Notice to the parties set forth in the Motion within one (1) business day of the entry of this Order or as soon as reasonably possible. The notice procedures set forth in this paragraph 8 constitute good and sufficient notice of the commencement of the chapter 11 case, the Combined Hearing, the Objection Deadline, and procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Plan.

4

9.      The Debtor is authorized to mail the Combined Notice to the Non-Voting Holders, in accordance with the terms of this Order, in lieu of sending such Non-Voting Holders a copy of the Plan or the Disclosure Statement and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit a copy of the Plan and the Disclosure Statement to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders.

12.      The Executory Contract Procedures are approved.

13.      The U.S. Trustee shall not be required to convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code if the Plan is confirmed prior to the Waiver Deadline.

14.      Cause exists to extend the time by which the Debtor must file a SOFA and Schedules until the Waiver Deadline, without prejudice to the Debtor's rights to request further extensions thereof; *provided*, *however*, that the requirement that the Debtor file a SOFA and Schedules shall be permanently excused effective upon the date of confirmation of the Plan.

15.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtor is not subject to any stay in the implementation, enforcement or realization of relief granted in this Order, and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

16.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20.     The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DIESEL USA, Inc.,[1] | Case No. 19-10432 (   ) |
| Debtor. | |

**THE DEBTOR INTENDS TO REQUEST THAT THE BANKRUPTCY COURT SCHEDULE A HEARING TO APPROVE THE DISCLOSURE STATEMENT AND CONFIRM THE ASSOCIATED PLAN NO LATER THAN APRIL 11, 2019, AND TO ESTABLISH APRIL 4, 2019 AS THE DATE BY WHICH OBJECTIONS, IF ANY, TO THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN MUST BE FILED WITH THE BANKRUPTCY COURT AND SERVED ON THE DEBTOR.**

**NOTICE OF (A) COMBINED HEARING TO CONSIDER (I) ADEQUACY OF DISCLOSURE STATEMENT AND (II) CONFIRMATION OF PLAN, (B) ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) OBJECTION DEADLINES; AND (D) COMMENCEMENT OF CHAPTER 11 CASE**

1.      On March 4, 2019 (the "Petition Date"), Diesel USA, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      On the Petition Date, the Debtor filed a plan of reorganization (the "Plan")[2] and a proposed disclosure statement (the "Disclosure Statement") pursuant to sections 1125 and 1126 of the Bankruptcy Code.  The Debtor will not be soliciting votes in connection with confirmation of the Plan.  Copies of the Plan and the Disclosure Statement may be obtained free of charge by visiting the website maintained by the Debtors' noticing agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto (the "Noticing Agent"), at cases.stretto.com/dieselUSA (the "Case Website").

3.      On March 5, 2019, the Court held a hearing to consider certain "first day" relief requested by the Debtor.[3]

4.      The Court has granted the following timetable in connection with the Combined Hearing:

---

[1] The last four digits of the Debtor's federal tax identification number are 4308.  The Debtor's principal offices are located at 220 West 19th Street, New York, New York 10011.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[3] Additional information regarding the First Day Hearing, including the relief sought and granted at such hearing, may be obtained by visiting the Case Website.

| Event | Date/Deadline |
|---|---|
| Petition Date | March 5, 2019 |
| Plan Supplement Filing Deadline | March 28, 2019 |
| Plan/Disclosure Statement Objection Deadline | April 4, 2019, at 4:00 p.m. (Prevailing Eastern Time) |
| Assumption or Rejection Objection Deadline | April 4, 2019, at 4:00 p.m. (Prevailing Eastern Time) |
| Plan/Disclosure Statement Reply Deadline (including, to the extent applicable, replies to any Executory Contract Procedures objections) | April 9, 2019 at 4:00 p.m. (Prevailing Eastern Time) |
| Deadline to file proposed confirmation order | |
| Deadline to file brief in support of confirmation | |
| Second Day Hearing and Combined Hearing | April 11, 2019 at __:00 (Prevailing Eastern Time) |

**I. Hearing to Consider Compliance with Disclosure Requirements, Confirmation of the Plan, and Rejection of Executory Contracts and Unexpired Leases**

5.    A combined hearing to consider compliance with the Bankruptcy Code's disclosure requirements, confirmation of the Plan, the rejection of executory contract and unexpired leases, and any objections to any of the foregoing, and any other matter that may properly come before the Court, will be held before the Honorable [        ], United States Bankruptcy Judge, in Courtroom No. [ ] of the United States Bankruptcy Court, 824 North Market Street, [ ]th Floor, Wilmington, Delaware 19801, on **April 11, 2019 at __.m. (ET)** or as soon thereafter as counsel may be heard (the "Combined Hearing").  The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Combined Hearing and will be available on the electronic case filing docket and Case Website at cases.stretto.com/dieselUSA.

6.    Any responses or objections to the Disclosure Statement and/or the Plan must (i) be in writing; (ii) conform to the applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with proof of service, no later than **4:00 p.m. (ET) on April 4, 2019**. In addition to being filed with the Court, any responses or objections must be served on the following parties (collectively, the "Notice Parties") so as to be received by such deadline:

(a) proposed co-counsel to the Debtor, (i) Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, New York 10019 (Attn: George P. Angelich, Esq. (george.angelich@arentfox.com), David J. Mayo, Esq. (david.mayo@arentfox.com), and Phillip Khezri, Esq. (phillip.khezri@arentfox.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington,

Delaware, 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com), Kenneth J. Enos, Esq. (kenos@ycst.com), and Travis G. Buchanan, Esq. (tbuchanan@ycst.com);

(b) the Debtor's Chief Restructuring Officer, Mark G. Samson, Getzler Henrich & Associates LLC, 295 Madison Avenue, New York, NY 10017, Attn: Mark G. Samson (msamson@geltzlerhenrich.com); and

(c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Linda J. Casey, Esq. (Linda.Casey@usdoj.gov).

**UNLESS A RESPONSE OR AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

### II. Notice to Counterparties to Executory Contracts and Unexpired Leases

7.      You or one of your affiliates may be a counterparty to one or more contracts or leases that may be an executory contract or unexpired leases with the Debtor.  Except as otherwise provided in the Plan, or in any contract, instrument, re-lease, or other agreement or document entered into in connection with the Plan, as of the Effective Date, the Debtor shall be deemed to have assumed each Executory Contract and Unexpired Lease to which it is a party in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (1) is identified on the Schedule of Rejected Executory Contracts and Unexpired Leases; (2) was assumed or rejected previously by the Debtor; (3) expired or terminated pursuant to its own terms before the Effective Date; (4) is the subject of a motion to reject pending on the Confirmation Date; or (5) is the subject of a motion to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date.

8.      Subject to entry of a Final Order, as set forth in the Plan and without amending or altering any prior order of the Court approving the assumption or rejection of any Executory Contracts and Unexpired Leases, entry of the Confirmation Order by the Court shall constitute approval of the assumptions and rejections, as applicable, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Subject to entry of a final order, each Executory Contract and Unexpired Lease assumed pursuant to the Plan or by the Court shall revest in and be fully enforceable by the Reorganized Debtor in accordance with its terms.

9.      The Schedule of Rejected Executory Contracts and Unexpired Leases, if any, will be filed with the Court, and served on all counter-parties on such schedule, no later than March 28, 2019 as part of the Plan Supplement.  Subject to entry of a Final Order, as set forth in the Plan, entry of the Confirmation Order by the Court shall constitute an order approving such rejections pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date or as otherwise set forth in the Plan Supplement.

10.      **Objections to the Assumption or Rejection of Executory Contracts and Unexpired Leases**: If you wish to object to the proposed assumption or rejection of your Executory Contract or Unexpired Lease (each a "Treatment Objection"), your Treatment

Objection must: (a) be in writing; (b) conform to the applicable Federal Rules and the Local Rules; (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof and (iv) be filed with the Court and served on the Notice Parties so as to be received by April 4, 2019 at 4:00 p.m. (ET). Any counterparty to an assumed or rejected Executory Contract or Unexpired Lease that fails to make its Treatment Objection to the proposed assumption or rejection prior to the Executory Contract Objection Deadline (i) shall be deemed to have assented to such proposed assumption or rejection and shall be deemed to have forever released and waived such Treatment Objection and shall be precluded from being heard at the Confirmation Hearing with respect to such objection; (ii) shall be forever barred from asserting against any Reorganized Debtor, or its property, any default existing as of the Effective Date or any counterclaim, defense, setoff or any other interest asserted or assertable against the Debtor; and (iii) shall be forever barred from imposing or charging against any Reorganized Debtor any accelerations, increases or any other fees as a result of any assumption or, assumption or rejection pursuant to the Plan.

11.    Any monetary defaults under each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in Cash on the Effective Date or in the ordinary course of business, subject to the limitation described below, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may otherwise agree. In the event of a dispute regarding (1) the amount of any payments to cure such a default, (2) the ability of the Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed, or (3) any other matter pertaining to assumption, the Bankruptcy Court shall hear such dispute prior to the assumption becoming effective. The cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order or orders resolving the dispute and approving the assumption and shall not prevent or delay implementation of the Plan or the occurrence of the Effective Date.

**UNLESS A RESPONSE OR AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

### III. Summary of the Plan[4]

12.    The following table summarizes, (i) the treatment of Claims and Interests under the Plan, (ii) which Classes are Impaired by the Plan, (iii) which Classes are entitled to vote on the Plan and (iv) the estimated recoveries for Holders of Claims and Interests in each Class. The table is qualified in its entirety by reference to the full text of the Plan.  For a more detailed summary of the terms and provisions of the Plan, see Article IV of the Disclosure Statement.

| Class | Proposed Treatment | Estimated Recovery |
|---|---|---|
| Class 1 – Other Priority Claims<br><br>**(unimpaired; deemed to accept the Plan)** | Except to the extent that a Holder of an Allowed Other Priority Claim agrees to less favorable treatment, in exchange for full and final satisfaction, settlement, release, and discharge of each Allowed Other Priority Claim, each Holder of such Allowed Other Priority Claim shall receive the following at the option of the Debtor:<br><br>A.  Payment in full in Cash in the ordinary course of business;<br><br>B.  Reinstatement of such Allowed Other Priority claim; or<br><br>C.  Such other treatment rendering such Allowed Other Priority Claim Unimpaired. | 100% |
| Class 2 – Secured Claims<br><br>**(unimpaired; deemed to accept the Plan)** | Except to the extent that a Holder of an Allowed Secured Claim agrees to less favorable treatment, each holder of an Allowed Secured Claim shall receive, in exchange for full and final satisfaction, settlement, release, and discharge of such Claim, the following, at the option of the Debtor:<br><br>A.  Payment in full in Cash in the ordinary course of business;<br><br>B.  Reinstatement of such Allowed Secured claim; or<br><br>C.  Such other treatment rendering such Allowed Secured Claim Unimpaired. | 100% |
| Class 3 – General Unsecured Claims<br><br>**(unimpaired; deemed to accept the Plan)** | Except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, each Holder of an Allowed General Unsecured Claim shall, in exchange for full and final satisfaction, settlement, release, and discharge of such Claim, receive at the sole option of the Debtor either:<br><br>A.  Reinstatement as of the Effective Date and satisfaction in full in the ordinary course of the Debtor's or Reorganized Debtor's business operations in accordance with the terms and conditions of the particular transaction giving rise to such Allowed General Unsecured Claim;<br><br>B.  Payment in Cash in the full amount of its Allowed General Unsecured Claim plus post-petition interest on such Allowed General Unsecured Claim provided by contract or, if no contract exists, at the statutory rate provided by 29 U.S.C. § 1961, from the Effective Date to the date of payment, which payment shall occur on the later of (i) the Effective Date | 100% |

---

[4] The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein.  For a more detailed description of the Plan, please refer to the Disclosure Statement. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

| Class | Proposed Treatment | Estimated Recovery |
|---|---|---|
|  | and (ii) the date due in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such Allowed General Unsecured Claim; or<br><br>C.   Such other treatment as would render such Claim otherwise Unimpaired pursuant to section 1124 of the Bankruptcy Code. |  |
| Class 4 – Rejection Damages Claims<br><br>**(unimpaired; deemed to accept the Plan)** | Except to the extent that a Holder of an Allowed Rejection Damages Claim agrees to less favorable treatment, each Holder of an Allowed Rejection Damages Claim shall, in exchange for full and final satisfaction, settlement, release, and discharge of such Claim, receive payment in Cash in the full amount of its Allowed Rejection Damages Claim plus post-petition interest on such Allowed Rejection Damages Claim provided by contract or, if not specified by the contract, at the statutory rate provided by 29 U.S.C. § 1961, from the [Effective Date] to the date of payment, which payment shall occur on the later of (i) the Effective Date and (ii) thirty (30) days after entry of a Final Order rendering such Claim an Allowed Rejection Damages Claim. | 100% |
| Class 5 – Interests<br><br>**(unimpaired; deemed to accept the Plan)** | All holders of Interests shall retain their Interests. | 100% |

## IV. NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN THE PLAN

PLEASE BE ADVISED THAT ARTICLE VII OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VII OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Dated:  March __, 2019
        Wilmington, Delaware

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

By:_____
Pauline K. Morgan (No. 3650)
Kenneth J. Enos (No. 4544)
Travis G. Buchanan (No. 5595)
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253
Email: pmorgan@ycst.com
Email: kenos@ycst.com
Email: tbuchanan@ycst.com

-and-

**ARENT FOX LLP**
George P. Angelich (*pro hac vice pending*)
David J. Mayo (*pro hac vice pending*)
Phillip Khezri (*pro hac vice pending*)
1301 Avenue of the Americas
Floor 42
New York, NY 10019
Tel: (212) 484-3900
Fax: (212) 484-3990
Email: george.angelich@arentfox.com
Email: david.mayo@arentfox.com
Email: phillip.khezri@arentfox.com

Proposed Co-Counsel for Diesel USA, Inc.