IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DIESEL USA, Inc.,[1] | Case No. 19-10432 (MFW) |
| Debtor. | **Ref. Docket No. 8** |

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 363(c), 345(b) AND 364(a) OF THE BANKRUPTCY CODE AUTHORIZING DEBTOR TO (I) CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM, (II) TO MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (III) WAIVE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] of Diesel USA, Inc. in the above-referenced chapter 11 case, as debtor and debtor-in-possession (the "Debtor"), for an order, pursuant to sections 105(a), 363(c), 345(b) and 364(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for: (a) authorization to continue to use its existing cash management system (the "Cash Management System") and to maintain existing bank accounts (the "Bank Accounts") and business forms (the "Business Forms"), and (b) a waiver of section 345(b) of the Bankruptcy Code, all as more fully set forth in the Motion; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the

---

[1] The last four digits of the Debtor's federal tax identification number are 4308.  The Debtor's principal offices are located at 220 West 19th Street, New York, New York 10011.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Motion is GRANTED as set forth herein.

2. The Final Hearing on the Motion shall be held on April 12, 2019 at 10:30 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on March 21, 2019 (the "Objection Deadline") and served on the following parties: (a) proposed co-counsel to the Debtor, (i) Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, New York 10019 (Attn: George P. Angelich, Esq. (george.angelich@arentfox.com), David J. Mayo, Esq. (david.mayo@arentfox.com), and Phillip Khezri, Esq. (phillip.khezri@arentfox.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com), Kenneth J. Enos, Esq. (kenos@ycst.com), and Travis G. Buchanan, Esq. (tbuchanan@ycst.com); (b) the Debtor's Chief Restructuring Officer, Mark G. Samson, Getzler Henrich & Associates LLC, 295 Madison Avenue, New York, NY 10017, Attn: Mark G. Samson (msamson@geltzlerhenrich.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Linda J. Casey, Esq. (Linda.Casey@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

3. The Debtor is authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to manage its cash pursuant to the Cash Management System maintained by the Debtor before the commencement of this chapter 11

case and under the terms of the Service Agreements (as defined below), and to collect, concentrate, and disburse cash in accordance with that Cash Management System.

4. The Debtor is authorized to: (i) designate, maintain and continue to use any or all of its existing Bank Accounts, including but not limited to the Bank Accounts with those banks (the "Banks") listed on Exhibit B to the Motion and annexed hereto, in the names and with the account numbers existing immediately prior to the commencement of this chapter 11 case, (ii) deposit funds into and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated transfers and other debits, and (iii) treat its prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

5. All Banks with whom the Debtor maintains Bank Accounts are authorized to maintain, service, and administer the Bank Accounts and any other accounts opened postpetition in accordance with applicable non-bankruptcy law and in accordance with the service agreements and related documentation between the Debtor and its respective Banks (the "Service Agreements"), and the same may be amended from time to time, including by lifting any administrative or debit freeze placed on any of the Bank Accounts as a consequence of the filing of the petition commencing this case.

6. Unless otherwise ordered by this Court, no Bank shall honor or pay any check issued or dated prior to the Petition Date; provided, however, that any such Bank may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to an Order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

7. The Debtor is directed to maintain records of each and every transfer within the Cash Management System occurring postpetition to the same extent maintained by the Debtor prior to the Petition Date, such that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, the Debtor's books and records.

8. The Debtor is prohibited from making loans to any affiliated entities, subject to further order from the Court.

9. From forty-five (45) days from entry of this Interim Order, the Debtor's continued use of its Cash Management System shall be deemed to comply with section 345 of the Bankruptcy Code, and the Debtor is relieved from the obligations pursuant to section 345(b) of the Bankruptcy Code to obtain a bond from any entity for any of the other Bank Accounts.

10. The Debtor is authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided, however, that the Debtor gives notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in this chapter 11 case; provided, further, however that the Debtor shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

11. Pursuant to section 364(a) of the Bankruptcy Code, the Debtor is authorized in connection with the ordinary operation of its Cash Management System to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and a hearing.

12. The Debtor is authorized to use its existing Business Forms, including, check stock, provided that once the Debtor's existing checks have been used, the Debtors shall, when

reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks which the Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Order.

13. The Debtor is authorized and shall (i) pay undisputed prepetition amounts outstanding as of the date hereof, if any, owed to its Banks as service charges for the maintenance of the Cash Management System, and (ii) reimburse the Banks for any claims arising, or chargebacks of deposits made, before or after the Petition Date in connection with customer checks or other deposits into the Bank Accounts that have been dishonored or returned for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor is responsible therefor by operation of non-bankruptcy law or under the terms of the Service Agreements with the Banks.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

19. For all Banks that are party to a Uniform Depository Agreement with the United States Trustee, within fifteen days of the date of entry of this Interim Order, the Debtor shall (i) contact such Bank, (ii) provide the Bank with the Debtor's tax identification number and (iii) identify each of their Bank Accounts held at such Banks as being held by a debtor-in-possession in a bankruptcy case and provide the case number.

20. For any Bank that is not party to a Uniform Depository Agreement with the United States Trustee, if any, the Debtor shall use its good faith efforts to cause the bank to execute a Uniform Depository Agreement in a form prescribed by the United States Trustee within forty five days of the date of entry of this Interim Order.  The United States Trustee's right to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the United States Trustee are fully reserved.

**Dated: March 6th, 2019**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**