# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DIESEL USA, Inc.,[1] | Case No. 19-10432 (MFW) |
| Debtor. | **Re: Docket Nos. 8 & 40** |

### CERTIFICATION OF COUNSEL REGARDING FINAL ORDER PURSUANT TO SECTIONS 105(a), 345(b), 363(c) AND 364(a) OF THE BANKRUPTCY CODE AUTHORIZING DEBTOR TO (I) CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM, (II) TO MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (III) WAIVE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE

On March 5, 2019, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Debtor's Motion for an Order Pursuant to Sections 105(a),345(b), 363(c) and 364(a) of the Bankruptcy Code Authorizing the Debtor to (I) Continue to Use Existing Cash Management System, (II) Maintain Existing Bank Accounts and Business Forms, and (III) Waive Requirements of Section 345(b) of the Bankruptcy Code* [Docket No. 8] (the "Motion").

On March 6, 2019, the Court entered an order [Docket No. 40] (the "Interim Order"), approving the relief requested in the Motion on an interim basis. Pursuant to the Notice of Interim Order, objections to the Motion were to be filed and served no later than March 21, 2019 at 4:00 p.m. (ET) (the "Objection Deadline").

Prior to the Objection Deadline, the Debtor did not receive any objections, comments, or other responses to the relief requested in the Motion. Attached hereto as **Exhibit A** is a form of final order (the "Final Order"), approving the relief granted in the Interim Order on a final basis. For the convenience of the Court and other interested parties, a blackline comparing the Final Order against the Interim Order is attached hereto as **Exhibit B**.

---

[1] The last four digits of the Debtor's federal tax identification number are 4308. The Debtor's principal offices are located at 220 West 19th Street, New York, New York 10011.

01:24310169.1

The Debtor submits that the Final Order is appropriate and consistent with the relief requested in the Motion and that entry of the Final Order is in the best interests of the Debtor, its estate, and creditors. The Office of the United States Trustee for the District of Delaware has advised that it has no objection to the Final Order.

Accordingly, the Debtor respectfully requests that the Court enter the Final Order at its earliest convenience without further notice or hearing.

Dated: March 28, 2019
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: ____*/s/ Travis G. Buchanan*_____
Pauline K. Morgan (No. 3650)
Kenneth J. Enos (No. 4544)
Travis G. Buchanan (No. 5595)
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253
Email: pmorgan@ycst.com
Email: kenos@ycst.com
Email: tbuchanan@ycst.com

-and-

**ARENT FOX LLP**
George P. Angelich (admitted *pro hac vice*)
David J. Mayo (admitted *pro hac vice*)
Phillip Khezri (admitted *pro hac vice*)
1301 Avenue of the Americas
Floor 42
New York, NY 10019
Tel: (212) 484-3900
Fax: (212) 484-3990
Email: george.angelich@arentfox.com
Email: david.mayo@arentfox.com
Email: phillip.khezri@arentfox.com

Proposed Co-Counsel for Diesel USA, Inc.

# EXHIBIT A

**Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DIESEL USA, Inc.,¹<br><br>Debtor. | Chapter 11<br><br>Case No. 19-10432 (MFW)<br><br>**Ref. Docket Nos. 8 & 40** |

**FINAL ORDER PURSUANT TO SECTIONS 105(a), 363(c), 345(b) AND 364(a)
OF THE BANKRUPTCY CODE AUTHORIZING DEBTOR TO (I) CONTINUE
TO USE EXISTING CASH MANAGEMENT SYSTEM, (II) TO MAINTAIN
EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (III) WAIVE
REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")² of Diesel USA, Inc. in the above-referenced chapter 11 case, as debtor and debtor-in-possession (the "Debtor"), for an order (this "Final Order"), pursuant to sections 105(a), 363(c), 345(b) and 364(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for: (a) authorization to continue to use its existing cash management system (the "Cash Management System") and to maintain existing bank accounts (the "Bank Accounts") and business forms (the "Business Forms"), and (b) a waiver of section 345(b) of the Bankruptcy Code, all as more fully set forth in the Motion; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon

---

¹ The last four digits of the Debtor's federal tax identification number are 4308. The Debtor's principal offices are located at 220 West 19th Street, New York, New York 10011.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.    01:24

all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Motion is GRANTED on a final basis, as set forth herein.

2. The Debtor is authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to manage its cash pursuant to the Cash Management System maintained by the Debtor before the commencement of this chapter 11 case and under the terms of the Service Agreements (as defined below), and to collect, concentrate, and disburse cash in accordance with that Cash Management System.

3. The Debtor is authorized to: (i) designate, maintain and continue to use any or all of its existing Bank Accounts, including but not limited to the Bank Accounts with those banks (the "Banks") listed on Exhibit B to the Motion, in the names and with the account numbers existing immediately prior to the commencement of this chapter 11 case, (ii) deposit funds into and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated transfers and other debits, and (iii) treat its prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

4. All Banks with whom the Debtor maintains Bank Accounts are authorized to maintain, service, and administer the Bank Accounts and any other accounts opened postpetition in accordance with applicable non-bankruptcy law and in accordance with the service agreements and related documentation between the Debtor and its respective Banks (the "Service Agreements"), and the same may be amended from time to time, including by lifting any administrative or debit freeze placed on any of the Bank Accounts as a consequence of the filing of the petition commencing this case.

5. Unless otherwise ordered by this Court, no Bank shall honor or pay any check issued or dated prior to the Petition Date; provided, however, that any such Bank may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to an order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

6. The Debtor is directed to maintain records of each and every transfer within the Cash Management System occurring postpetition to the same extent maintained by the Debtor prior to the Petition Date, such that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, the Debtor's books and records.

7. The Debtor is prohibited from making loans to any affiliated entities, subject to further order from the Court.

8. From forty-five (45) days from entry of this Final Order, the Debtor's continued use of its Cash Management System shall be deemed to comply with section 345 of the Bankruptcy Code, and the Debtor is relieved from the obligations pursuant to section 345(b) of the Bankruptcy Code to obtain a bond from any entity for any of the other Bank Accounts.

9. The Debtor is authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided, however, that the Debtor gives notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in this chapter 11 case; provided, further, however that the Debtor shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States

Trustee for the District of Delaware, or at such other banks that are willing to immediately execute such an agreement.

10. Pursuant to section 364(a) of the Bankruptcy Code, the Debtor is authorized in connection with the ordinary operation of its Cash Management System to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and a hearing.

11. The Debtor is authorized to use its existing Business Forms, including, check stock, provided that once the Debtor's existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks which the Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Final Order.

12. The Debtor is authorized and shall (i) pay undisputed prepetition amounts outstanding as of the date hereof, if any, owed to its Banks as service charges for the maintenance of the Cash Management System, and (ii) reimburse the Banks for any claims arising, or chargebacks of deposits made, before or after the Petition Date in connection with customer checks or other deposits into the Bank Accounts that have been dishonored or returned for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor is responsible therefor by operation of non-bankruptcy law or under the terms of the Service Agreements with the Banks.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

01:24312953.3

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## EXHIBIT B

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DIESEL USA, Inc.,[1]<br><br>           Debtor. | Chapter 11<br><br>Case No. 19-10432 (MFW)<br><br>**Ref. Docket ~~No~~Nos. 8 & 40** |

### ~~INTERIM~~FINAL ORDER PURSUANT TO SECTIONS 105(a), 363(c), 345(b) AND 364(a) OF THE BANKRUPTCY CODE AUTHORIZING DEBTOR TO (I) CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM, (II) TO MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (III) WAIVE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of Diesel USA, Inc. in the above-referenced chapter 11 case, as debtor and debtor-in-possession (the "Debtor"), for an order (this "Final Order"), pursuant to sections 105(a), 363(c), 345(b) and 364(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for: (a) authorization to continue to use its existing cash management system (the "Cash Management System") and to maintain existing bank accounts (the "Bank Accounts") and business forms (the "Business Forms"), and (b) a waiver of section 345(b) of the Bankruptcy Code, all as more fully set forth in the Motion; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had

---

[1] The last four digits of the Debtor's federal tax identification number are 4308.  The Debtor's principal offices are located at 220 West 19th Street, New York, New York 10011.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      ~~3.~~

before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Motion is GRANTED <ins>on a final basis,</ins> as set forth herein.

<del>2. The Final Hearing on the Motion shall be held on April 12, 2019 at 10:30 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on March 21, 2019 (the "Objection Deadline") and served on the following parties: (a) proposed co-counsel to the Debtor, (i) Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, New York 10019 (Attn: George P. Angelich, Esq. (george.angelich@arentfox.com), David J. Mayo, Esq. (david.mayo@arentfox.com), and Phillip Khezri, Esq. (phillip.khezri@arentfox.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com), Kenneth J. Enos, Esq. (kenos@ycst.com), and Travis G. Buchanan, Esq. (tbuchanan@ycst.com); (b) the Debtor's Chief Restructuring Officer, Mark G. Samson, Getzler Henrich & Associates LLC, 295 Madison Avenue, New York, NY 10017, Attn: Mark G. Samson (msamson@geltzlerhenrich.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Linda J. Casey, Esq. (Linda.Casey@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.</del>

<ins>2.</ins> <del>3.</del> The Debtor is authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to manage its cash pursuant to the Cash Management System maintained by the Debtor before the commencement of this chapter 11 case and under the terms of the Service Agreements (as defined below), and to collect, concentrate, and disburse cash in accordance with that Cash Management System.

<del>2.</del>

3. ~~4.~~ The Debtor is authorized to: (i) designate, maintain and continue to use any or all of its existing Bank Accounts, including but not limited to the Bank Accounts with those banks (the "<u>Banks</u>") listed on Exhibit B to the Motion ~~and annexed hereto~~, in the names and with the account numbers existing immediately prior to the commencement of this chapter 11 case, (ii) deposit funds into and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated transfers and other debits, and (iii) treat its prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

4. ~~5.~~ All Banks with whom the Debtor maintains Bank Accounts are authorized to maintain, service, and administer the Bank Accounts and any other accounts opened postpetition in accordance with applicable non-bankruptcy law and in accordance with the service agreements and related documentation between the Debtor and its respective Banks (the "<u>Service Agreements</u>"), and the same may be amended from time to time, including by lifting any administrative or debit freeze placed on any of the Bank Accounts as a consequence of the filing of the petition commencing this case.

5. ~~6.~~ Unless otherwise ordered by this Court, no Bank shall honor or pay any check issued or dated prior to the Petition Date; provided, however, that any such Bank may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to an ~~Order~~order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

6. ~~7.~~ The Debtor is directed to maintain records of each and every transfer within the Cash Management System occurring postpetition to the same extent maintained by the Debtor

prior to the Petition Date, such that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, the Debtor's books and records.

7.    ~~8.~~ The Debtor is prohibited from making loans to any affiliated entities, subject to further order from the Court.

8.    ~~9.~~ From forty-five (45) days from entry of this ~~Interim~~Final Order, the Debtor's continued use of its Cash Management System shall be deemed to comply with section 345 of the Bankruptcy Code, and the Debtor is relieved from the obligations pursuant to section 345(b) of the Bankruptcy Code to obtain a bond from any entity for any of the other Bank Accounts.

9.    ~~10.~~ The Debtor is authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided, however, that the Debtor gives notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in this chapter 11 case; provided, further, however that the Debtor shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such other banks that are willing to immediately execute such an agreement.

10.    ~~11.~~ Pursuant to section 364(a) of the Bankruptcy Code, the Debtor is authorized in connection with the ordinary operation of its Cash Management System to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and a hearing.

11.    ~~12.~~ The Debtor is authorized to use its existing Business Forms, including, check stock, provided that once the Debtor's existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks which the

~~2.~~

Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this <ins>Final</ins> Order.

12.    ~~13.~~ The Debtor is authorized and shall (i) pay undisputed prepetition amounts outstanding as of the date hereof, if any, owed to its Banks as service charges for the maintenance of the Cash Management System, and (ii) reimburse the Banks for any claims arising, or chargebacks of deposits made, before or after the Petition Date in connection with customer checks or other deposits into the Bank Accounts that have been dishonored or returned for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor is responsible therefor by operation of non-bankruptcy law or under the terms of the Service Agreements with the Banks.

~~14.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).~~

13.    ~~15.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.    ~~16.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this ~~Interim~~<ins>Final</ins> Order are immediately effective and enforceable upon its entry.

15.    ~~17.~~ The Debtor is authorized to take all actions necessary to effectuate the relief granted in this ~~Interim~~<ins>Final</ins> Order in accordance with the Motion.

16.    ~~18.~~ The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this ~~Interim~~<ins>Final</ins> Order.

~~19.    For all Banks that are party to a Uniform Depository Agreement with the United States Trustee, within fifteen days of the date of entry of this Interim Order, the Debtor shall (i)~~

~~contact such Bank, (ii) provide the Bank with the Debtor's tax identification number and (iii) identify each of their Bank Accounts held at such Banks as being held by a debtor-in-possession in a bankruptcy case and provide the case number.~~

~~20.    For any Bank that is not party to a Uniform Depository Agreement with the United States Trustee, if any, the Debtor shall use its good faith efforts to cause the bank to execute a Uniform Depository Agreement in a form prescribed by the United States Trustee within forty five days of the date of entry of this Interim Order.  The United States Trustee's right to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the United States Trustee are fully reserved.~~

~~2.~~