## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DIESEL USA, Inc.,[1] | Case No. 19-10432 (MFW) |
| Debtor. | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND
ORDER (I) APPROVING THE DISCLOSURE STATEMENT
AND (II) CONFIRMING THE FIRST AMENDED
CHAPTER 11 PLAN OF REORGANIZATION OF DIESEL USA, INC.**

<u>Recitals</u>

A.　　On March 5, 2019 (the "<u>Petition Date</u>"), Diesel USA, Inc., the debtor and debtor-in-possession in the above-captioned case (the "<u>Debtor</u>"), commenced this chapter 11 case (the "<u>Chapter 11 Case</u>") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

B.　　On the Petition Date, the Debtor filed, among other pleadings, the (i) *Chapter 11 Plan of Reorganization of Diesel USA, Inc.* dated March 5, 2019 [Docket No. 28] (as revised on March 7, 2019 [Docket No. 46]), as amended by the *First Amended Chapter 11 Plan of Reorganization of Diesel USA, Inc.* dated April 10, 2019 (as may be further amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>"),[2] (ii) the *Disclosure Statement in Connection with Chapter 11 Plan of Reorganization of Diesel USA, Inc.* [Docket No. 29] (as revised on March 7, 2019 [Docket No. 47] and as may be further amended, supplemented, or otherwise modified from time to time, the "<u>Disclosure Statement</u>"), and (iii) the *Debtor's Motion for Entry of an Order (I) Scheduling Combined Hearing on Adequacy of*

---

[1]　The last four digits of the Debtor's federal tax identification number are 4308.　The Debtor's principal offices are located at 220 West 19th Street, New York, NY 10011.

[2]　Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

*Disclosure Statement and Confirmation of Plan; (II) Fixing Deadline to Object to Disclosure Statement and Plan; (III) Waiving Solicitation of the Plan and Approving Manner of Notice of Commencement, Combined Hearing, and Objection Deadline; (IV) Approving Notice and Objection Procedures for the Assumption or Rejection of Executory Contracts and Unexpired Leases; (V) Conditionally (A) Directing the United States Trustee Not to Convene Section 341(A) Meeting of Creditors and (B) Waiving Requirement of Filing Statement of Financial Affairs and Schedules of Assets and Liabilities; and (VI) Granting Related Relief* [Docket No. 11] (the "Scheduling Motion").

C.     On March 8, 2019, the Bankruptcy Court entered an Order granting the relief sought in the Scheduling Motion [Docket No. 48] (the "Scheduling Order"). Pursuant to the Scheduling Order, the Bankruptcy Court established (i) 4:00 p.m. prevailing Eastern time on April 5, 2019 as the deadline for filing objections to the (a) Plan, (b) Disclosure Statement, and (c) assumption or rejection of Executory Contracts and Unexpired Leases (the "Objection Deadline"), (ii) 4:00 p.m. prevailing Eastern time on April 10, 2019 as the deadline by which replies to any objections must be filed, and (iii) 10:30 a.m. prevailing Eastern time on April 12, 2019 as the time and date for the hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing").

D.     In accordance with the Scheduling Order, on March 8, 2019, the Debtor served a notice (*see* [Docket No. 51], the "Combined Hearing Notice") of, among other things, (i) the date of the commencement of the Chapter 11 Case; (ii) the date, time, and place of the Combined Hearing; (iii) the deadline and procedures for filing objections to the Disclosure Statement or Plan; (iv) instructions for obtaining copies of the Disclosure Statement and Plan; and (v) procedures with respect to the assumption and rejection of Executory Contracts and Unexpired

Leases and the deadline for filing objections with respect thereto upon all of the Debtor's known creditors (or nominees therefor), equity interest Holders, the U.S. Trustee and all parties requesting notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  *See Affidavit of Service* filed with the Bankruptcy Court by Bankruptcy Management Solutions d/b/a Stretto (the "Noticing Agent") on March 13, 2019 [Docket No. 54]. In addition, in accordance with the Scheduling Order, the Debtor served copies of the Plan and Disclosure Statement on all counterparties to the Debtor's Unexpired Leases on March 8, 2019. *Id.*

E.      On March 28, 2019, the Debtor filed the Plan Supplement [Docket No. 75], consisting of (i) the Schedule of Rejected Executory Contracts and Unexpired Leases, (ii) the Cure Schedule, (iii) financial projections demonstrating the feasibility of the Plan, and (iv) confirmation that the terms of the Parent Commitment have been agreed to. The Plan Supplement was served on the Debtor's 2002 notice list and all counterparties to Unexpired Leases on March 28, 2019.  *See* Affidavit of Service dated April 1, 2019 [Docket No. 78].

F.      On April 5, 2019, the Debtor filed an amended Plan Supplement [Docket No. 89] (the "First Amended Plan Supplement") containing an amended Schedule of Executory Contracts and Unexpired Leases and an amended Cure Schedule (references herein to the Plan Supplement, the Schedule of Executory Contracts and Unexpired Leases, or the Cure Schedule, shall refer to such documents as so amended and contained in the First Amended Plan Supplement).  The First Amended Plan Supplement was served on the Debtor's 2002 notice list and all counterparties to Unexpired Leases on April 5, 2019.  *See* Affidavit of Service dated April 9, 2019 [Docket No. 92].

G.      The following objections to the Debtor's proposed Cure amounts in the Cure Schedule (the "<u>Objections</u>") were filed:

    a.  *The Taubman Landlords' Cure Claim Objection* [Docket No. 76] (*withdrawn* on April 10, 2019 [Docket No. 97]).

    b.  *Turnberry Associates' Objection to Debtor's Schedule of Proposed Cure Amounts for Assumed Executory Contracts and Unexpired Leases* [Docket No. 87] (*withdrawn* on April 10, 2019 [Docket No. 101]).

    c.  *Objection of Johnson Controls, Inc. to Proposed Cure Amount, Notice of Filing Plan Supplement Documents and Related Deadlines, and Chapter 11 Plan* [Docket No. 88] (*withdrawn* on April 11, 2019 [Docket No. 110]).

H.      On April 10, 2019, the Debtor filed the (i) the Debtor's *Memorandum of Law of the Debtor in Support of an Order (I) Approving the Disclosure Statement and (II) Confirming First Amended Chapter 11 Plan of Reorganization of Diesel USA, Inc.* (the "<u>Confirmation Brief</u>"), (ii) the proposed confirmation order, (iii) the *Declaration of Mark G. Samson in Support of Confirmation of the Debtor's First Amended Chapter 11 Plan of Reorganization* (the "<u>Samson Declaration</u>" and collectively with the Confirmation Brief and the proposed confirmation order, the "<u>Confirmation Submissions</u>").

I.      At the Combined Hearing, the Bankruptcy Court considered the Confirmation Submissions and heard the arguments of counsel supporting confirmation of the Plan and approval of the Disclosure Statement.

WHEREFORE, the Bankruptcy Court having reviewed the Plan, Disclosure Statement, the Objections, and the Confirmation Submissions; the Bankruptcy Court having heard statements of counsel in support of approval of the adequacy of the information contained in the Disclosure Statement and confirmation of the Plan at the Combined Hearing; the Bankruptcy Court having considered all testimony presented and evidence submitted by affidavits, declarations or otherwise at the Combined Hearing; the Bankruptcy Court having taken judicial notice of the papers and pleadings on file in this Chapter 11 Case; it appearing to this Bankruptcy

Court that (i) notice of the Combined Hearing and the opportunity of all parties-in-interest to object to the approval of the adequacy of the information contained in the Disclosure Statement and confirmation of the Plan were adequate and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby and (ii) the legal and factual bases set forth in the Confirmation Submissions and presented at the Combined Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, this Bankruptcy Court hereby makes and issues the following Findings of Fact and Conclusions of Law:

## Findings of Fact and Conclusions of Law

1. <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157, 1334(a), 1408, and 1409)</u>.  This Bankruptcy Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2) and the Bankruptcy Court has exclusive jurisdiction to approve the Disclosure Statement and determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Venue in the District of Delaware was proper as of the Petition Date and continues to be proper.

2. <u>Judicial Notice</u>.  The Bankruptcy Court takes judicial notice of the docket of this Chapter 11 Case maintained by the Clerk of this Court or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at, the hearings held before the Bankruptcy Court during the pendency of this Chapter 11 Case.

3. <u>No Need for Solicitation of Votes.</u> All Classes of Claims and Interests are Unimpaired under the Plan and thus are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Debtor was not required to solicit acceptances of the Plan from Holders of any Claims or Interests.

4. <u>Transmittal and Mailing of Materials, Notice.</u> Proper and sufficient notice of the Combined Hearing and the other dates described in the Scheduling Order was given in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Scheduling Order, and no other or further notice is or shall be required.

5. <u>Burden of Proof.</u> The Debtor, as proponent of the Plan, has met its burden of proving the elements of sections 1129(a) of the Bankruptcy Code by a preponderance of the evidence.

6. <u>Plan Compliance with the Applicable Provisions of the Bankruptcy Code  (11 U.S.C. § 1129(a)(1)).</u> As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

a. <u>Proper Classification of Claims and Interests (11 U.S.C. §§ 1122  and 1123(a)(1)).</u> In addition to all Claims against the Debtor for costs and expenses of administration under section 503(b)(1) or 507(b) of the Bankruptcy Code, including for Administrative Claims and all Priority Tax Claims, neither of which need to be classified, the Plan designates four Classes of Claims and one Class of Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in such Class.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among Holders of

Claims or Interests.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

      b.  <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).</u>  The Plan specifies that all Classes of Claims and Interests are Unimpaired under the Plan and thereby satisfies section 1123(a)(2) of the Bankruptcy Code.

      c.  <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).</u> No Classes of Claims and Interests are Impaired under the Plan.  Having no applicability to the Plan, it follows that the requirements of section 1123(a)(3) of the Bankruptcy Code have been met.

      d.  <u>Equal Treatment Within Classes 11 U.S.C. § 1123(a)(4).</u>  Article III of the Plan provides for equality of treatment for each Claim or Interest within a particular Class.  Consequently, the Plan complies with section 1123(a)(4) of the Bankruptcy Code.

      e.  <u>Implementation of Plan (11 U.S.C. § 1123(a)(5)).</u>  The Plan contains adequate means for its implementation, thereby satisfying 1123(a)(5) of the Bankruptcy Code.

      f.  <u>Issuance of Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6)).</u>  The Plan does not contain any provisions for the issuance of new equity securities to creditors or otherwise and Diesel S.p.A., the Debtor's sole shareholder, will retain its Interests under the Plan.  Having no applicability to the Plan, it follows that the requirements of section 1123(a)(6) of the Bankruptcy Code have been met.

      g.  <u>Selection of Post-Confirmation Directors and Officers (11 U.S.C. § 1123(a)(7)).</u>  The Plan does not contain any provisions with respect to the manner of

selection of any officer, director or trustee under the Plan or any successor to such officer, director or trustee.  Article V.G of the Plan provides that each of the directors and officers of the Debtor immediately prior to the Effective Date will remain in such capacities for the Reorganized Debtor on and after the Effective Date.  Having no applicability to the Plan, the requirements of section 1123(a)(7) of the Bankruptcy Code have been met.

       h.   <u>Providing for Payment to Creditors (11 U.S.C. § 1123(a)(8))</u>. The Debtor is a corporation. Having no applicability to the Plan, it follows that the requirements of section 1123(a)(8) of the Bankruptcy Code have been met.

       7.   <u>Impaired and Unimpaired Classes (11 U.S.C. Section § 1123(b)(1))</u>. The Plan specifies that all Classes of Claims and Interests are Unimpaired under the Plan and is thereby consistent with section 1123(b)(1) of the Bankruptcy Code.

       8.   <u>Assumption or Rejection of Executory Contracts and Unexpired Leases  (11 U.S.C. § 1123(b)(2))</u>. Article VI of the Plan provides that, except as otherwise set forth in the Plan, each Executory Contract and Unexpired Lease is deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless such Executory Contract or Unexpired Lease (1) is identified on the Schedule of Rejected Executory Contracts and Unexpired Leases; (2) was assumed or rejected previously by the Debtor; (3) expired or terminated pursuant to its own terms before the Effective Date; (4) is the subject of a motion to reject pending on the Confirmation Date; or (5) is the subject of a motion pending on the Confirmation Date to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such

rejection is after the Effective Date. These provisions of the Plan are permitted by section 1123(b)(2) of the Bankruptcy Code.

9. <u>Settlement or Adjustment of Claims or Interests (11 U.S.C. § 1123(b)(3)).</u> Article VII.M of the Plan provides that, in accordance with section 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtor will retain and may (but is not required to) enforce all Causes of Action other than Avoidance Actions, which are waived pursuant to Article VII.L of the Plan. After the Effective Date, the Reorganized Debtor, in its sole and absolute discretion, shall have the right to bring, settle, release, compromise, or enforce all retained Causes of Action not specifically waived under the Plan (or decline to do any of the foregoing), without further approval of the Bankruptcy Court. These provisions of the Plan are permitted by section 1123(b)(3) of the Bankruptcy Code.

10. <u>Other Permissive Provisions (11 U.S.C. Section § 1123(b)).</u> In accordance with section 1123(b) of the Bankruptcy Code, the Plan provides for the retention of the jurisdiction of the Bankruptcy Court, and contains certain release, injunction and exculpation provisions that are consistent with the applicable provisions of the Bankruptcy Code.

11. <u>Bankruptcy Rule 3016.</u> The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of both the Disclosure Statement and the Samson Declaration with the Clerk of this Court satisfies Bankruptcy Rule 3016(b).

12. <u>Bankruptcy Rule 3017.</u> The Debtor has given proper and sufficient notice of the hearing to approve the adequacy of information contained in the Disclosure Statement as required by the Scheduling Order. The Debtor has also given proper and sufficient notice of the Combined Hearing as required by Bankruptcy Rule 3017(d), as modified by the Scheduling Order. Given that solicitation of acceptances of the Plan was not necessary, Bankruptcy Rule

3017(e) is not applicable.  Having no applicability to the Plan, it follows that the requirements of Bankruptcy Rule 3017(e) have been met.

13. <u>Bankruptcy Rule 3018.</u> No Claims are Impaired under the Plan, and all Classes are deemed to accept the Plan.  Therefore, no solicitation of acceptances or rejections was necessary, and Bankruptcy Rules 3018(a) and 3018(b) are not applicable.  Having no applicability to the Plan, it follows that the requirements of Bankruptcy Rule 3018 have been met.

14. <u>Debtor's Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).</u> The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically: (i) the Debtor is eligible to be a debtor under section 109 of the Bankruptcy Code and is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code; (ii) the Debtor has complied with the applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and (iii) because all Classes of Claims and Interests are Unimpaired under the Plan, and therefore deemed to accept the Plan and not entitled to vote, the solicitation requirements of sections 1125 and 1126 of the Bankruptcy Code do not apply to the Debtor.

15. <u>Plan Proposed in Good Faith and Not By Any Means Forbidden By Law (11 U.S.C. § 1129(a)(3)).</u> The Debtor has proposed the Plan in good faith and not by any means forbidden by law, and filed this Chapter 11 Case with an honest belief that the Debtor was in need of reorganization and the Plan was negotiated and proposed with the intention of accomplishing a successful reorganization and emerging from chapter 11 with a business and operational structure that will allow it to satisfy its obligations with sufficient liquidity and capital resources, and for no

ulterior purpose.  The Plan fairly achieves a result consistent with the objectives and purposes of the Bankruptcy Code.  In so finding, the Court has examined the totality of the circumstances surrounding the filing of this Chapter 11 Case, the Plan itself and the process leading to its formulation.  The Debtor's good faith is evident from the facts and record of this Chapter 11 Case, the Disclosure Statement, and the record of the Combined Hearing and other proceedings held in this Chapter 11 Case.

16. The Plan is the result of extensive good faith, arm's-length negotiations, and reflects input from the principal constituencies having an interest in the Chapter 11 Case, and achieves the goal of consensual reorganization embodied by the Bankruptcy Code.  Further, as described in greater detail below, the Plan's exculpation, release and injunction provisions have been negotiated in good faith and are consistent with sections 105, 1123(b)(6), 1129 and 1142 of the Bankruptcy Code and applicable law in this Circuit.  Accordingly, the Debtor has satisfied the requirements of section 1129(a)(3) of the Bankruptcy Code.

17. Services and Expenses — 11 U.S.C. § 1129(a)(4). Except as otherwise provided or permitted by the Plan, or by orders of this Court, any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.  Article IX of the Plan expressly carves out the retention of the Bankruptcy Court's exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan, including jurisdiction to "hear and determine all applications for allowance of compensation and reimbursement of Professional Fee Claims under this Plan or under sections 330, 331, 503(b), 1103, and 1129(a)(4) of the Bankruptcy Code[.]"  Accordingly, the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

18. <u>Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))</u>. In compliance with section 1129(a)(5)(A)(i) of the Bankruptcy Code, Article V.G of the Plan provides that the Reorganized Debtor's officers and directors will be the same as the Debtor's current officers and directors. Accordingly, the Debtor has complied with section 1129(a)(5)(A)(i) of the Bankruptcy Code. The retention of the Debtor's directors and officers will allow the Reorganized Debtor to benefit from the directors' and officers' familiarity with the Debtor's business and industry going forward in the current difficult industry climate, and will also facilitate prompt distributions to creditors pursuant to the Plan. As such, the continuation in office of each of the proposed directors and officers of the Reorganized Debtor is consistent with the interests of creditors, equity security Holders and public policy, and thereby satisfies section 1129(a)(5)(A)(ii) of the Bankruptcy Code. Article V.G of the Plan provides that the Reorganized Debtor's officers shall serve and be compensated in accordance with their existing employment agreements with the Reorganized Debtor. Accordingly the Debtor has complied with section 1129(a)(5)(B) of the Bankruptcy Code.

19. <u>No Rate Changes (11 U.S.C. S 1129(a)(6))</u>. The Plan does not provide for any changes in any rates subject to such regulatory approval. Thus, section 1129(a)(6) is not applicable in this Chapter 11 Case. Having no applicability to the Plan, it follows that the requirements of section 1129(a)(6) of the Bankruptcy Code have been met.

20. <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>. Section 1129(a)(7) of the Bankruptcy Code specifies that the liquidation analysis of the "best interests of creditors test" only applies to nonaccepting Impaired Claims or Interests. As the Plan provides that each Class of Claims and Interests is Unimpaired and thus are not entitled to vote, the "best interests of creditors test" does not apply to any Classes. Having no applicability to the Plan, it follows that

the requirements of section 1129(a)(7) of the Bankruptcy Code have been met.

21. <u>Acceptance by All Impaired Classes (11 U.S.C. § 1129(a)(8))</u>. No class of Claims or Interests is Impaired under the Plan. Having no applicability to the Plan, it follows that the requirements of section 1129(a)(8) of the Bankruptcy Code have been met.

22. <u>Treatment of Priority Claims (11 U.S.C. § 1129(a)(9))</u>. In accordance with section 1129(a)(9)(A) of the Bankruptcy Code, Article II.A of the Plan provides that each Holder of an Allowed Administrative Claim will, in exchange for full and final satisfaction, settlement, release, and discharge of such Allowed Administrative Claim, be paid the full unpaid amount of such Allowed Administrative Claim in Cash on, or as soon thereafter as is reasonably practicable, (a) the Effective Date or, if payment is not then due, (b) on the due date of such Allowed Administrative Claim; *provided*, *however*, that Administrative Claims incurred by the Debtor in the ordinary course of business may be paid in the ordinary course of business in accordance with such applicable terms and conditions relating thereto without further notice to or order of the Bankruptcy Court. All statutory fees payable under 28 U.S.C. § 1930(a) shall be paid as such fees become due. Article III.B.1 of the Plan provides that each holder of an Other Priority Claim shall, in exchange for full and final satisfaction, settlement, release, and discharge of such Claim, receive the following at the option of the Debtor: (1) Payment of an Allowed Other Priority Claim in full in Cash in the ordinary course of business; (2) Reinstatement of such Other Priority claim; or (3) Such other treatment rendering such Other Priority Claim Unimpaired. Additionally, the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code in respect of the treatment of all Priority Tax Claims against any Debtor of the kind specified in section 507(a)(8) of the Bankruptcy Code. Article II.D provides that in exchange for full and final satisfaction, settlement, release, and discharge of each Allowed Priority Tax Claim, each Holder

of an Allowed Priority Tax Claim due and payable on or prior to the Effective Date shall receive the treatment set forth in section 1129(a)(9)(C) of the Bankruptcy Code.  To the extent any Allowed Priority Tax Claim is not due and owing on or before the Effective Date, such Claim shall be paid in full in Cash in accordance with the terms of any agreement between the Debtor and such Holder or as may be due and payable under applicable non-bankruptcy law or in the ordinary course of business.

23. <u>Acceptance of At Least One Impaired Class That Is Entitled to Vote — 11 U.S.C. § 1129(a)(10).</u> All Classes of Claims and Interests are Unimpaired under the Plan and thus are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, no Holders of any of Claims or Interests are entitled to vote on the Plan. Having no applicability to the Plan, the requirements of section 1129(a)(9) of the Bankruptcy Code have been met.

24. <u>Feasibility (11 U.S.C. § 1129(a)(11)).</u> The Plan satisfies section 1129(a)(11) of the Bankruptcy Code because confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Reorganized Debtor.  The Plan has more than a reasonable likelihood of success.  Exhibit 3 to the Plan Supplement (the "<u>Feasibility Analysis</u>") includes the Debtor's financial projections as well as written confirmation that all terms of the Parent Commitment have been agreed to, including the Parent's agreement to: (a) consent to the Debtor's assumption of the License Agreement in accordance with section 365(c) of the Bankruptcy Code; (b) agree to renewal of the License Agreement for another term, which shall be without prejudice to the parties' rights to revise and renegotiate in good faith the terms and conditions of the License Agreement after the Effective Date; (c) consent to the release and payment of $26,388,623.37 pursuant to the Parent Commitment for the purpose of funding the

Reorganization Business Plan; and (d) provide for additional funding for the Reorganization Business Plan in the approximate amount of $10 million.  The Feasibility Analysis demonstrates that the Debtor will be able to make all payments required by the Plan from its existing cash balance.  Furthermore, the financial projections and Parent Commitment demonstrate that the Plan as proposed is feasible and that the Reorganized Debtor will be financially viable after confirmation of the Plan.  The feasibility of the Plan is further supported by the Parent's additional agreement to accept delayed payment of its Claims that would otherwise be payable on the Effective Date.  Thus, the Plan provides for a workable scheme of reorganization, with more than a reasonable likelihood of success, and therefore satisfies section 1129(a)(11) of the Bankruptcy Code.

25. Payment of Certain Fees (11 U.S.C. § 1129(a)(12)). Article IX.E of the Plan provides that, notwithstanding anything to the contrary contained in the Plan, all fees payable through the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid on the Effective Date, or as soon as practicable thereafter.  Thus, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

26. Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). The Debtor does not have any obligation to pay any retiree benefits as such term is defined in section 1114 of the Bankruptcy Code.  Having no applicability to the Plan, the requirements of section 1129(a)(13) of the Bankruptcy Code have been met.

27. 11 U.S.C. §§ 1129(a)(14) – (16) Are  Inapplicable. Based on the facts of the Chapter 11 Case, sections 1129(a)(14) through (16) of the Bankruptcy Code are not applicable to the Plan. Having no applicability to the Plan, the requirements of sections 1129(a)(14) through (16) of the Bankruptcy Code have been met.

28. <u>Satisfaction of Confirmation Requirements.</u> The Plan satisfies all the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

29. <u>Confirmation of Only One Plan (11 U.S.C. § 1129(c)).</u> The Plan is the only plan of reorganization considered by this Court for confirmation, in accordance with section 1129(c) of the Bankruptcy Code.

30. <u>Principal Purpose (11 U.S.C. § 1129(d)).</u> The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of section 5 of the Securities Act, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

31. <u>Good Faith.</u> The Debtor and its principal constituencies, including, without limitation, the Parent (and their professionals and representatives) have been and are continuing to act in good faith.

32. <u>Releases, Injunctions and Exculpations and Limitations of Liability.</u> Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the settlements, compromises, releases, injunctions, discharges, and exculpations and limitations of liability set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable and in the best interests of the Debtor, the Reorganized Debtor and its Estate, creditors, and equity Holders.  The releases of non-debtors under the Plan are fair to Holders of Claims and are necessary to the proposed reorganization, thereby satisfying the requirements of *In re Continental Airlines, Inc.,* 203 F.3d 203, 214 (3d Cir. 2000), *In re Indianapolis Downs, LLC,* 486 B.R. 286, 305 (Bankr. D. Del. 2014), and *In re Zenith Elecs. Corp.*, 241 B.R. 92 (Bankr. D. Del. 1999).  The record of the Combined Hearing and the Chapter 11 Case is sufficient to support the releases, injunctions, exculpations and limitations of liability provided

for in Article VII of the Plan.

33. <u>Retention of Jurisdiction.</u> Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including, but not limited to, the matters set forth in Article IX of the Plan.

34. <u>Modifications to the Plan.</u> The prior amendments to the Plan and the further modifications to the Plan incorporated in this Order (if any) constitute nonmaterial or technical changes and do not materially adversely affect or change the treatment of any Claims or Interests under the Plan (the "<u>Technical Modifications</u>").  Pursuant to section 1127 of the Bankruptcy Code and in accordance with Bankruptcy Rule 3019, the Technical Modifications do not require additional disclosure under section 1125 of the Bankruptcy Code, and no additional notice or hearing with respect thereof is required.

**<u>Decrees</u>**

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND
DETERMINED THAT:

35. <u>Disclosure Statement.</u> Under the facts of the Chapter 11 Case, no solicitations of acceptances of the Plan were required under the Plan.  The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is hereby approved.

36. <u>Confirmation.</u> The Plan (as modified by this Order) is confirmed under section 1129 of the Bankruptcy Code.  The Objections, not heretofore withdrawn, are hereby overruled in their entirety.

37. <u>Provisions of Plan and Order Nonseverable and Mutually Dependent.</u> The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

38. <u>Modifications to Plan.</u> After entry of this Confirmation Order, the Debtor and the Reorganized Debtor may, in accordance with section 1127, amend or modify the Plan or any Plan Documents (as defined below) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

39. <u>Plan Classification Controlling.</u> The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.

40. <u>Discharge of Debtor.</u> Except as otherwise expressly provided in the Plan or this Confirmation Order, the discharge set forth in Article VII.C of the Plan is approved.

41. <u>Exemption for Taxation.</u> Pursuant to section 1146(a) of the Bankruptcy Code, any transfers from the Debtor to the Reorganized Debtor or to any other Person or entity pursuant to the Plan will not be subject to any stamp tax or similar tax.  All filing and recording officers are hereby authorized to accept for filing or recording all instruments of transfer to be filed and recorded in accordance with the Plan or the Confirmation Order without payment of any such taxes.  Notice of entry of this Confirmation Order in the form attached hereto as <u>Exhibit B </u>(i) shall have the effect of an order of the Court, (ii) shall constitute sufficient notice of the entry of this Confirmation Order to such filing and recording officers and (iii) shall be a recordable instrument insofar as permitted under applicable nonbankruptcy law.  This Court retains jurisdiction to enforce the foregoing direction by

contempt proceedings or otherwise.

42. <u>Return of Deposits.</u> All utilities, including any entity who received a deposit or other form of adequate assurance of performance pursuant to section 366 of the Bankruptcy Code during the Chapter 11 Case (collectively, the "<u>Deposits</u>"), including, without limitation, gas, electric, telephone, trash and sewer services, shall return such Deposits to the Debtor and/or the Reorganized Debtor, as applicable, either by set off against postpetition indebtedness or by cash refund, within 45 days following the Effective Date and as of the Effective Date, such utilities are not entitled to make requests for or receive Deposits under section 366 of the Bankruptcy Code.  The Debtor shall be permitted to withdraw any monies from and close any adequate assurance deposit account upon the Effective Date.

43. <u>Release of Liens and Encumbrances.</u> Except as expressly provided in the Plan or the Confirmation Order, or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to Article III of the Plan, all liens, judgment liens, Claims, mortgages, deeds of trust, encumbrances or other security interests against the property of the Estate are fully released and discharged (except to the extent Reinstated under the Plan), and all right, title, and interest of any holder of such mortgages, deeds of trust, liens, judgment liens or other security interests, including any rights to any collateral thereunder, shall revert to the Reorganized Debtor and its successors and assigns.

44. <u>Documentation.</u> The Debtor and the Reorganized Debtor, as applicable, are authorized to execute and deliver any agreements, documents and instruments to be entered into as of the Effective Date as contemplated by, and in furtherance of, the Plan (collectively, the "<u>Plan Documents</u>"), and to take all steps deemed necessary by the Debtor or the Reorganized

Debtor to consummate the transactions contemplated thereby.

45. <u>Binding Effect.</u> Pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly provided in the Plan or this Confirmation Order, the provisions of the Plan (including the exhibits to, and all documents and agreements executed pursuant to, the Plan) and this Confirmation Order shall be binding on (i) the Debtor, (ii) the Reorganized Debtor, (iii) all parties in interest, Holders of Claims against and Interests in the Debtor, (iv) each Person acquiring property under the Plan, (v) each counterparty to an Executory Contract or Unexpired Lease of the Debtor, (vi) any Person or entity making an appearance in the Chapter 11 Case or any other Person in the Chapter 11 Case and (vii) the successors and assigns of all of the above-listed entities.

46. <u>Continued Corporate Existence and Vesting of Assets in Reorganized Debtor.</u> Except as otherwise provided in the Plan, the Debtor will continue to exist after the Effective Date with all the powers of a corporation under applicable Delaware law pursuant to the Debtor's organizational documents in effect prior to the Effective Date, without prejudice to any right to terminate such existence (whether by merger or otherwise) under applicable law after the Effective Date.  In accordance with Article VII.B of the Plan, and except as otherwise explicitly provided in the Plan, on the Effective Date, all property comprising the Debtor's estate shall revest in the Reorganized Debtor.  Notwithstanding anything herein to the contrary or in any other orders of this Court, in the event the Debtor removes a particular Unexpired Lease from its Schedule of Rejected Executory Contracts and Unexpired Leases, the Debtor shall be permitted to continue operations in the store subject to such Unexpired Lease.

47. <u>Releases.</u> Except as otherwise expressly provided in the Plan, this Confirmation Order or a separate order of this Court, the release provisions set forth in Articles VII.E and VII.F of the Plan are approved.

48. <u>Injunction.</u> Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate order of this Court, the injunctions set forth in Article VII.G of the Plan are approved.

49. <u>Exculpation and Limitation of Liability.</u> Except as otherwise expressly provided in the Plan, this Confirmation Order or a separate order of this Court, the exculpation provisions set forth in Article VII.I of the Plan are approved.

50. <u>Effect of Plan Provisions on Claims.</u>

a.  Except as required by an order of the Bankruptcy Court and except with respect to Rejection Damages Claims as required under <u>Article VI</u> of the Plan, Holders of Claims and Interests need not file a proof of claim with the Bankruptcy Court to be deemed an Allowed Claim or Interest under the Plan and shall retain all their rights under applicable non-bankruptcy law to pursue their Claims in any forum with jurisdiction over the parties and the Debtor or Reorganized Debtor shall have and retain any and all rights and defenses the Debtor had with respect to any Claim or Interest immediately prior to the Effective Date.  If the Debtor or Reorganized Debtor disputes any claims, other than Rejection Damage Claims, such disputes shall be determined, resolved, or adjudicated as if the Debtor had not filed the Chapter 11 Case.  Except as provided in <u>Article VI</u> of the Plan, all proofs of claim filed in this Chapter 11 Case shall be considered objected to and Disputed without further action by the Debtor.  On the Effective Date, all proofs of claim filed against the Debtor (other than as required under <u>Article VI</u> of the Plan), regardless of when such proofs of claim were filed, including proofs of claims filed after the Effective Date, shall be deemed withdrawn, and such creditor that files such proof of claim with the Bankruptcy Court shall retain any right it may have to pursue remedies in a forum other than the Bankruptcy Court in accordance with applicable law.

b.  For the avoidance of doubt, the legal, equitable, and contractual rights of the Holder of any Disputed Claim (other than a Disputed Rejection Damages Claim) shall be left unaltered by the Plan.  Notwithstanding anything to the contrary in the Plan and except as set forth in the following paragraph, (a) no Claim shall be deemed settled, satisfied, resolved, released, discharged, barred, or enjoined by any provision of the Plan, (b) the provisions of <u>Articles VII.C</u>, <u>VII.G</u>, and <u>VII.F</u> of the Plan shall not apply to a Holder of a Claim, and (c) the property

21

of the Debtor's Estate that vests in the Reorganized Debtor pursuant to Article VII.B of the Plan shall not be free and clear of the right of any Holder of a Claim to enforce its rights in respect of its Claim against the Reorganized Debtor, in each case, until such Claim has been (x) paid in full in accordance with applicable law, or on terms agreed to between the Holder of such Claim and the Debtor or Reorganized Debtor, or in accordance with the terms and conditions of the particular transaction giving rise to such Claim or (y) otherwise satisfied or disposed of as determined by a court of competent jurisdiction. For the avoidance of doubt, the foregoing limitation shall not apply to any claims or Causes of Action held by the Debtor, the Estate, or the Reorganized Debtor that are released pursuant to Article VII.E of the Plan (the "Debtor Released Claims"). Such Debtor Released Claims shall be deemed settled, satisfied, resolved, released, discharged, barred and/or enjoined by the applicable provisions under, and pursuant to the express terms of, the Plan on the Effective Date.

c.  Notwithstanding the foregoing or anything else to the contrary in this Plan and for the avoidance of doubt, with respect to Class 4 Claims, (i) the Allowed amount of such Claims may be determined by the Bankruptcy Court after notice and a hearing in accordance with Article VI of the Plan, (ii) such Claims shall be discharged in accordance with Article VII.C of the Plan and the Holders of such Claims shall be subject to the injunction set forth in Article VII.G of the Plan and (iii) after payment of the Allowed amount of such Claims, Holders of such Claims shall be subject to the releases set forth in Article VII.F of the Plan.

51.  Preservation of All Causes of Action Not Expressly Settled or Released. Except as otherwise provided in the Plan, in accordance with section 1123(b)(3) of the Bankruptcy Code the Reorganized Debtor will retain and may (but is not required to) enforce all Causes of Action other than Avoidance Actions, which are waived pursuant to Article VII.L of the Plan. After the Effective Date, the Reorganized Debtor, in its sole and absolute discretion, shall have the right to bring, settle, release, compromise, or enforce such causes of action (or decline to do any of the foregoing), without further approval of the Bankruptcy Court. The failure of the Debtor to specifically list any claim, right of action, suit, proceeding or other cause of action in the Plan does not, and will not be deemed to, constitute a waiver or release by the Debtor or the Reorganized Debtor of such claim, right of action, suit, proceeding or other cause of action, and the Reorganized Debtor will retain the right to pursue such claims, rights of action, suits, proceedings and other causes of action in its sole discretion and,

therefore, no preclusion doctrine, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches will apply to such claim, right of action, suit, proceeding, or other causes of action upon or after the confirmation or consummation of the Plan.

52. <u>Continuation of Automatic Stay.</u> Except as otherwise expressly provided in the Plan, this Confirmation Order or a separate Order of this Court, all injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect through and including the Effective Date.

53. <u>Assumed Contracts and Leases.</u> Except as otherwise set forth in the Plan or this Confirmation Order, each Executory Contract (including, for the avoidance of doubt and without limitation, the License Agreement and Insurance Policies) and Unexpired Lease shall be deemed automatically assumed in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date without further notice or order of this Court, and the non-debtor counterparties who have not objected to the assumption of their Executory Contracts or Unexpired Leases are deemed to have consented thereto, unless such Executory Contract or Unexpired Lease:

     i.  is identified on the Schedule of Rejected Executory Contracts and Unexpired Leases;

    ii.  was assumed or rejected previously by the Debtor;

   iii.  expired or terminated pursuant to its own terms before the Effective Date;

   iv.  is the subject of a motion to reject pending on the Confirmation Date; or

    v.  is the subject of a motion pending on the Confirmation Date to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date.

Each assumption is in the best interests of the Reorganized Debtor, its Estate, and all parties in interest in the Chapter 11 Case.  The requirements for assumption of any Executory Contract or Unexpired Lease to be assumed have been satisfied.  To the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan (including, without limitation, any "change of control" provision) conditions, restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the applicable assumption of such Executory Contract or Unexpired Lease under the Plan, or that terminates or modifies such Executory Contract or Unexpired Lease or allows the counterparty to such Executory Contract or Unexpired Lease to terminate, modify, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon any such assumption under the Plan, then, as of the Effective Date, such provision shall be deemed void and of no force or effect with respect to the transactions contemplated by the Plan and shall not entitle the non-debtor party thereto to terminate or modify such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.  Confirmation of the Plan and consummation of the transactions contemplated thereby shall not constitute a change of control under any Executory Contract or Unexpired Lease assumed by the Debtor on or prior to the Effective Date.

54. Cure Amounts. The Debtor has properly provided for the cure of any defaults that might have existed consistent with the requirements of section 365(b)(1) of the Bankruptcy Code.  The Cure amounts for the Debtor's counterparties to the Executory Contracts and Unexpired Leases set forth on the Cure Schedule are hereby fixed, as of the Effective Date, at the amounts set forth in the Cure Schedule.  The Cure amounts for the Debtor's counterparties to the Executory Contracts not specifically named on the Cure Schedule are hereby fixed, as of the Effective Date, at the amount of $0.  The assumption of any Executory Contract or Unexpired

Lease in accordance with this Confirmation Order, and the payment of the Cure amounts, if any, shall result in the full release and satisfaction of any claims or monetary defaults arising under such Executory Contract or Unexpired Leases at any time before the Effective Date.    The Debtor's counterparties to the Executory Contracts and Unexpired Leases assumed pursuant to this Confirmation Order are forever barred from raising or asserting against the Debtor, its Estate, or Reorganized Debtor any default or breach under, or any claim or pecuniary loss arising under or related to, the assumed Executory Contracts or Unexpired Leases that existed prior to the Effective Date. *Provided*, *however*, that, notwithstanding anything to the contrary in the Plan or Confirmation Order, with respect to any assumed Unexpired Lease of nonresidential real property, the Reorganized Debtor shall remain liable for: (1) amounts owed and accruing under the assumed Unexpired Lease of non-residential real property that are unbilled or not yet due as of the Effective Date, regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (2) any regular or periodic adjustment or reconciliation of charges under the assumed Unexpired Lease of non-residential real property which are not due or have not been determined as of the Effective Date; (3) any percentage rent that may come due under the assumed Unexpired Lease of non-residential real property; (4) other obligations, including indemnification obligations, if any, as of the Effective Date; and (5) any unpaid cure amounts or post-assumption obligations under the assumed Unexpired Lease of non-residential real property.  All rights of the parties under any assumed Unexpired Lease of non-residential real property or applicable law for setoff, recoupment or subrogation, shall survive, notwithstanding any term or condition of the Plan to the contrary.

55. <u>Assumption and Assignment of Executory Contracts and Unexpired Leases.</u> Notwithstanding anything in the Plan or this Order to the contrary, the Debtor may assume

and assign any Executory Contract or Unexpired Lease up until the Effective Date, to the extent permitted under applicable bankruptcy law, upon motion duly noticed and filed with the Court.

56. Rejection of Executory Contracts and Unexpired Leases. The procedures related to rejection of Executory Contracts or Unexpired Leases set forth in Article VI of the Plan are hereby approved as modified herein.  The requirements for rejection of any Executory Contract or Unexpired Lease set forth on the Schedule of Rejected Executory Contracts and Unexpired Leases have been satisfied.  This Confirmation Order shall constitute an order of the Bankruptcy Court under sections 365 and 1123(b) of the Bankruptcy Code approving the rejection of all Executory Contracts and Unexpired Leases set forth on the Schedule of Rejected Executory Contracts and Unexpired Leases.  The Debtor and each applicable non-Debtor counterparty to an Unexpired Lease set forth on the Schedule of Rejected Executory Contracts and Unexpired Leases have agreed and stipulated to the amount and Allowance of such non-Debtor counterparty's Rejection Damages Claim set forth in the Schedule of Rejected Executory Contracts and Unexpired Leases in full and final satisfaction of all Claims of such non-Debtor counterparty against the Debtor.

a.    Each Executory Contract and Unexpired Lease set forth on the Schedule of Executory Contracts and Unexpired Leases shall be rejected as of the later of (a) the Effective Date and (b) with respect each such Unexpired Lease of non-residential real property, the date the Debtor surrenders the premises related to such rejected Unexpired Lease by returning the keys and key codes to the applicable non-Debtor counterparty or providing written notice that such counterparty may re-key the premises (the later of the foregoing (a) and (b), the "Rejection Date").

b.       Each Rejection Damages Claim is hereby fixed and Allowed in the stipulated and agreed amounts set forth in Exhibit C hereto.   The Debtor or Reorganized Debtor shall pay each Allowed Rejection Damages Claim set forth on Exhibit C no later than twenty-one (21) days after the applicable Rejection Date.   Any and all Claims of such counterparties against the Debtor or Reorganized Debtor arising from or related to the applicable Executory Contract or Unexpired Lease, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, including, without limitation, the right to file a proof of Claim asserting any additional Claims pursuant to Article VI.B of the Plan, shall be deemed fully waived, released, satisfied, and discharged as of the later of the (i) Rejection Date and (ii) the date the non-Debtor counterparty receives payment on account of its Allowed Rejection Damages Claim, if applicable; *provided* that the foregoing release shall not constitute a release by any non-Debtor counterparty of Abandonment Claims (as defined below), environmental claims, or claims against insurers.

c.       The Debtor shall surrender the premises related to each rejected Unexpired Lease in a condition that is in accordance with the terms of each such Unexpired Lease; *provided*, *however*, that to the extent any non-Debtor counterparty incurs costs or damages in excess of its Allowed Rejection Damages Claim as a result of the Debtor's failure to surrender the applicable premises in accordance with the terms of the applicable Unexpired Lease (such amount, an "Abandonment Claim"), then such non-Debtor counterparty shall have fourteen (14) days after the Rejection Date to

27

submit a written request to the Reorganized Debtor, which request must include supporting documentation, requesting payment of such Abandonment Claim.  In the event the parties agree on the amount of such Abandonment Claim, the Reorganized Debtor shall pay the Abandonment Claim at the same time as payment of such non-Debtor counterparty's Allowed Rejection Damages Claim.  In the event of a dispute regarding the amount of such Abandonment Claim that the parties are unable to resolve prior to the date for payment of the applicable Allowed Rejection Damages Claim, the applicable non-Debtor counterparty shall be permitted to seek Bankruptcy Court allowance of such Abandonment Claim upon motion and not less than fourteen (14) days' notice to the Reorganized Debtor, in which case the Debtor and Reorganized Debtor expressly reserve all rights to contest any Abandonment Claim, including, without limitation, the right to argue such Abandonment Claim should be disallowed under applicable bankruptcy and/or non-bankruptcy law.

d.      To the extent any fixtures, furniture, advertising displays, other office and store equipment or any other personal property are left by the Debtor on the premises related to Unexpired Leases rejected pursuant to the Plan, such personal property is hereby deemed abandoned pursuant to section 554 of the Bankruptcy Code as of the Rejection Date; *provided*, *however*, that the Debtor shall not abandon any personal property containing personally identifiable information of the Debtor's customers or employees.  As of the Rejection Date, non-Debtor counterparties to such rejected Unexpired Leases may dispose of any such personal property in their sole and absolute discretion without notice or liability to the Debtor or third parties.

e.    Notwithstanding anything in the Plan or this Confirmation Order to the contrary, the Debtor may remove any Executory Contract or Unexpired Lease from the Schedule of Rejected Executory Contracts and Unexpired Leases following the Confirmation Date and prior to the Effective Date upon the consent of the applicable non-Debtor counterparty.

57. <u>Authorization to Take Acts Necessary to Implement Plan.</u> Pursuant to section 1142(b) of the Bankruptcy Code and any applicable state business corporation law provisions, without further action by the Bankruptcy Court or the stockholders, members, managers or directors of the Debtor or Reorganized Debtor, the responsible officers of the Debtor or Reorganized Debtor are authorized to and empowered to: (i) take any and all actions and perform such acts as may be necessary, desirable or appropriate to implement, effectuate and consummate the Plan, this Confirmation Order or the transactions contemplated thereby or hereby, and (ii) execute and deliver, adopt or amend, as the case may be, any contracts, instruments, releases, agreements and documents necessary to implement, effectuate and consummate the Plan.  To the extent that, under applicable non-bankruptcy law, any of the foregoing actions would otherwise require the consent or approval of the shareholders, directors or members of the Debtor or Reorganized Debtor, as applicable, this Confirmation Order shall constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the shareholders, directors or members of the Debtor or Reorganized Debtor pursuant to section 1142 of the Bankruptcy Code and any applicable state business corporation law provisions.

58. <u>Professional Compensation and Reimbursement Claims.</u> All requests for compensation or reimbursement of Professional Fee Claims for services rendered prior to the

Effective Date shall be filed and served no later than April 26, 2019, notwithstanding anything in the Plan to the contrary.  The hearing thereon shall be scheduled, if necessary, for May 28, 2019 at 11:30 a.m. EST.   Any objections to requests for compensation or reimbursement of Professional Fee Claims shall be filed and served on or before May 17, 2019.  Without limiting the foregoing, the Debtor or Reorganized Debtor, as the case may be, may pay charges incurred on and after the Effective Date for any Professional's fees, disbursements, expenses or related support services, without application to or approval by this Court.

59. Execution By Third Parties. Each and every federal, state and local governmental agency or department is hereby authorized to accept, and lessors and Holders of liens are directed to execute, any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Plan including, without limitation, documents and instruments for recording in county and state offices where the Reorganized Debtor's organizational documents or any other Plan Documents may need to be filed in order to effectuate the Plan.

60. Reservation of Rights in Favor of the United States. Notwithstanding any provision in the Plan, this Confirmation Order or other related Plan Documents:

Nothing discharges or releases the Debtor, the Reorganized Debtor, or any non-debtor from any right, claim, liability or cause of action of the United States or any State, or impairs the ability of the United States or any State to pursue any claim, liability, right, defense, or cause of action against any Debtor, Reorganized Debtor or non-debtor. Contracts, purchase orders, agreements, leases, covenants, guaranties, indemnifications, operating rights agreements or other interests of or with the United States or any State shall be, subject to any applicable legal or

equitable rights or defenses of the Debtor or Reorganized Debtor under applicable non-bankruptcy law, paid, treated, determined and administered in the ordinary course of business as if the Debtor's bankruptcy case was never filed and the Debtor and Reorganized Debtor shall comply with all applicable non-bankruptcy law. All claims, liabilities, rights, causes of action, or defenses of or to the United States or any State shall survive the Chapter 11 Case as if it had not been commenced and be determined in the ordinary course of business, including in the manner and by the administrative or judicial tribunals in which such rights, defenses, claims, liabilities, or causes of action would have been resolved or adjudicated if the Chapter 11 Case had not been commenced; provided, that nothing in the Plan or this Confirmation Order shall alter any legal or equitable rights or defenses of the Debtor or the Reorganized Debtor under non-bankruptcy law with respect to any such claim, liability, or cause of action.  Without limiting the foregoing, for the avoidance of doubt: (i) the United States and any State shall not be required to file any proofs of claim or administrative expense claims in the Chapter 11 Case for any right, claim, liability, defense, or cause of action; (ii) nothing shall affect or impair the exercise of the United States' or any State's police and regulatory powers against the Debtor, the Reorganized Debtor or any non-debtor; (iii) nothing shall be interpreted to set cure amounts or to require the United States or any State to novate or otherwise consent to the transfer of any federal or state contracts, purchase orders, agreements, leases, covenants, guaranties, indemnifications, operating rights agreements or other interests; (iv) nothing shall affect or impair the United States' or any State's rights and defenses of setoff and recoupment, or ability to assert setoff or recoupment against the Debtor or the Reorganized Debtor and such rights and defenses are expressly preserved; (v) nothing shall constitute an approval or consent by the United States without compliance with all applicable legal requirements and approvals under non-bankruptcy law, (vi) nothing shall relieve any party

from compliance with all licenses and permits in accordance with non-bankruptcy law.

61. <u>Insurance Contracts.</u> Notwithstanding anything to the contrary in the Disclosure Statement, the Plan (including, but not limited to, Articles V.N and VI.E), the Plan Supplement, the Schedule of Rejected Executory Contracts and Unexpired Leases, the Cure Schedule, the Confirmation Order, any bar date notice, order or claim objection, or any other document related to any of the foregoing (including, without limitation, any other provision that purports to be preemptory or supervening, grants an injunction or release, or confers Bankruptcy Court jurisdiction): (a) all insurance policies issued to or providing coverage to the Debtor at any time and all agreements and instruments related thereto (collectively and including Insurance Policies (as defined in the Plan), the "<u>Insurance Contracts</u>") shall be assumed by the Debtor and Reorganized Debtor in their entirety pursuant to sections 105 and 365 of the Bankruptcy Code, and shall continue in full force and effect thereafter in accordance with their respective terms and conditions; (b) all Insurance Contracts and all debts, obligations, and liabilities of the Debtor (and, after the Effective Date, of the Reorganized Debtor) thereunder, whether arising before or after the Effective Date, shall survive in full and shall not be amended, modified, waived, released, discharged or impaired in any respect without the need or requirement for any insurers to file or serve any objection to a proposed Cure or a request, application, claim, proof or motion for payment or allowance of any Administrative Claim and shall not be subject to any bar date, objection deadline or similar deadline governing Cure or Administrative Claims; and (c) the automatic stay of Bankruptcy Code section 362(a) and the injunctions set forth in Article VII of the Plan, if and to the extent applicable, shall be deemed lifted without further order of the Bankruptcy Court, solely to permit: (I) claimants with valid workers' compensation claims or direct action claims against an insurer under applicable non-bankruptcy law to proceed with their

claims; (II) insurers to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of this Bankruptcy Court, (A) workers' compensation claims, (B) claims where a claimant asserts a direct claim against an insurer under applicable non-bankruptcy law, or an order has been entered by the Bankruptcy Court granting a claimant relief from the automatic stay to proceed with its claim, and (C) all costs in relation to each of the foregoing; and (III) insurers to cancel any Insurance Contracts, and take other actions relating thereto, to the extent permissible under applicable non-bankruptcy law, and in accordance with the terms of the Insurance Contracts; provided, however, that notwithstanding the foregoing or anything to the contrary herein, or in the Insurance Contracts, the Debtor's filing of this Chapter 11 Case shall not constitute a default under the terms of the Insurance Contracts.

62. <u>Notice of Entry of Confirmation Order and Occurrence of Effective Date.</u> On or before the fifth (5th) business day following the occurrence of the Effective Date, the Debtor shall serve notice of entry of this Confirmation Order (which may be combined with the Notice of Effective Date) in the form attached hereto as <u>Exhibit B</u> pursuant to Rules 2002(f)(7), 2002(k) and 3020(c) of the Bankruptcy Rules on the following or, in lieu thereof, their counsel, if known: (i) the Office of the United States Trustee; (ii) creditors holding the twenty largest unsecured claims against the Debtor as identified in the Debtor's petition; (iii) each counterparty to an Executory Contract or Unexpired Lease set forth on the Schedule of Rejected Executory Contracts and Unexpired Leases, and (v) each other party that the Debtor believes could be affected by this Confirmation Order, and on all other parties required to receive service under Rule 2002-1(b) of the Local Rules, by causing a notice of entry of this Confirmation Order to be delivered to such parties by first class mail, postage prepaid.

63. <u>References to Plan Provisions.</u> The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.

64. <u>Confirmation Order Controlling.</u> If there is any direct conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

65. <u>Reversal.</u> If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated or stayed by subsequent order of the Bankruptcy Court or any other court of competent jurisdiction, such reversal, modification or vacatur shall not affect the validity or enforceability of any acts, or obligations, indebtedness, liability, priority or lien incurred or undertaken by the Debtor and the Reorganized Debtor under or in connection with the Plan prior to the Debtor's or the Reorganized Debtor's (as applicable) receipt of written notice of any such order.  Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the Debtor's or Reorganized Debtor's, as applicable, receipt of written notice of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all Plan Documents or any amendments or modifications thereto in effect prior to the date the Debtor or Reorganized Debtor, as applicable, received such actual written notice.

66. <u>Applicable Non-Bankruptcy Law.</u> Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and the Plan Documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

67. <u>Effectiveness of Order.</u> Notwithstanding Bankruptcy Rules 3020(e), 6004(h) and 6006(d), or any other provision of the Bankruptcy Code or the Bankruptcy Rules, this Confirmation Order shall be effective immediately upon its entry.  This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon entry hereof.

68. <u>Substantial Consummation.</u> Substantial consummation of the Plan under section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date.

69. <u>No Waiver.</u> The failure to specifically include any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by reference.

70. <u>The Record.</u> The record of the Combined Hearing is closed.  The Findings of Fact and Conclusions of Law of this Bankruptcy Court set forth herein and at the Combined Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the Findings of Fact and Conclusions of Law of this Bankruptcy Court at the Combined Hearing are incorporated herein by reference. To the extent any of the foregoing Findings of Fact constitute conclusions of law, they are adopted as such.  To the extent any of the foregoing Conclusions of Law constitute findings of fact, they are adopted as such.

**Dated: April 12th, 2019**
**Wilmington, Delaware**

35

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**